[Civil No. 4217. Filed November 18, 1940.]

[107 Pac. (2d) 217.]

In the Matter of the Estate of EMMA R. TAYLOR, Deceased. WILLIAM PETERSEN, as State Treasurer and Estate Tax Commissioner of the State of Arizona, Appellant, v. JOHN D. DRISCOLL, Executor of the Last Will of EMMA R. TAYLOR, Deceased; HELEN SHIMMEL, NANCY SHIMMEL, ANN SHIMMEL, HARRY S. BROOKS, ELIZABETH BROOKS and ISABELLE WOTHERSPOON, Appellees.

Mr. Joe Conway, Attorney General, Mr. Stephen B. Rayburn, Mr. Frank W. Beer, Legal Assistants to Estate Tax Commissioner, and Mr. William G. Christy, for Appellant.

Messrs. Gust, Rosenfeld, Divelbess, Robinette & Coolidge, for Appellee.

LOCKWOOD, J.—Emma R. Taylor, hereinafter called deceased, was for many years a resident of Arizona. About August, 1935, she went to visit her sister in Jeffersonville, Indiana, and died there on December 26. Shortly before her death she executed a will in the state of Indiana, in which she said that she was then a resident of Indiana, and appointed John D. Driscoll, of Jeffersonville, Indiana, as executor. Immediately after her death, Driscoll, hereinafter called executor, caused the will to be probated in Indiana, and was issued letters testamentary thereon. On January 24, 1936, he filed a petition for ancillary probate in the superior court of Maricopa county, and on February 4 the will was admitted in that county, and ancillary letters issued to him. An inventory and appraisement of the estate in Arizona was duly filed in February, 1936, which was approved by the special inheritance tax appraiser for the state of Arizona, showing the

estate situated in Arizona to have a gross value of about $62,000. On December 22, 1936, and some ten months later, the executor filed a petition in the superior court of Maricopa county, praying for an order fixing and determining the value of the estate and the inheritance tax thereon. A copy of this petition was immediately served on the state treasurer and the county treasurer of Maricopa county, and an order was upon the same day made by the judge of the superior court of Maricopa county, sitting in probate in the Taylor estate, fixing the net value of the estate subject to inheritance tax in Arizona at approximately $59,000, and the tax at $1,170.53, subject to the usual cash discount. Thereafter, and on January 22, 1937, the final account and petition of the executor for decree of distribution and discharge came on for hearing, and an order was made on April 28 discharging him. Nothing further was done in the matter until December 24, 1937, when Harry M. Moore, the then state treasurer, hereinafter called the treasurer, who had been the county treasurer of Maricopa county up to January 1, 1937, filed a petition asking that the court set aside the order of December 22, 1936, fixing the inheritance tax, and the order approving the final account and report of the executor and decree of distribution made January 22, 1937. The executor answered and demurred to the petition on several grounds, (a) that it was filed more than six months after the orders sought to be vacated were made, (b) that the records in the cause showed certain facts which made the petition subject to demurrer, and (c) that the petition did not state facts sufficient to constitute a cause of action. The demurrer was sustained, and the treasurer electing to stand thereon, judgment was rendered dismissing the petition, and this appeal was taken.

■ The various objections raised by the treasurer in his petition to set aside the orders may be summarized as being to the effect that the inheritance tax was not fixed in the manner required by law and that, therefore, the order purporting to fix it was void, and if so, that the order discharging the executor was also void. The executor in his demurrer contends first, that even admitting that the statute was not followed, the errors complained of were mere irregularities not going to the jurisdiction, and since more than six months had passed since the last order objected to was made, they could not then be attacked. We think this question has been settled adversely to the contention of the executor in *Petersen* v. *Southern Arizona Bank & Trust Co.,* 54 Ariz. 506, 97 Pac. (2d) 225. Therein it was urged that the decree of final distribution was a final decree rendered by a court of competent jurisdiction, which could not be attacked collaterally. We held that such a decree was only binding as to the rights of the heirs, legatees and devisees, and in no manner binding as to third parties or adverse claimants, and particularly that it was not and could not be binding upon the state, and might be attacked collaterally. We think the objection that the petition to set aside the orders was filed more than six months after they were made cannot be sustained.

■ We proceed next to the question of whether in passing upon the demurrer the court must assume all the facts stated in the petition were true. This, of course, is the ordinary rule, but it is subject to this exception, that if within the records of the court it appears that certain facts have been judicially and conclusively established, the court should not assume as true any allegations of the petition which contradict such facts. *Stewart* v. *Phoenix National Bank,* 49 Ariz. 34, 64 Pac. (2d) 101.

■■ Does the petition, together with the facts shown by the records in the estate, show that the statutory rules for determining the inheritance tax were substantially departed from, for if they were the state is not precluded from reopening the estate to determine the true amount of tax due. *Petersen* v. *Southern Arizona B. & T. Co., supra*; *O'Malley* v. *Moore,* 52 Ariz. 138, 79 Pac. (2d) 515. The first question is to determine what rule applies to a determination of the inheritance tax in ancillary probate. It is the contention of the executor that the entire subject is governed by section 3170, Revised Code of 1928, which reads as follows:

"*Ancillary letters; procedure.* Every petition for ancillary letters testamentary or of administration, shall contain a true and correct statement of the decedent's property in this state with the value thereof; and upon the hearing thereof the superior court shall determine the amount of the inheritance tax, and the order for letters may provide for the payment thereof, or the giving of security therefor. The superior court of Maricopa county shall have jurisdiction to determine and adjust inheritance taxes in the estates of non-resident decedents in which administration is not otherwise necessary."

It is urged that the section provides, in substance, that the court may determine the amount of the inheritance tax according to the rules applying to ordinary judgments in courts of general jurisdiction, and that it is not bound by any special rules of procedure, such as we held applied in the Petersen case. Even should we hold this to be true, it would not aid the executor, for the literal language of the section requires that the tax must be determined at the time of hearing the petition for ancillary letters, and at no other time, and it clearly appears from the record that this was not done, nor was there any attempt made by

the executor to follow the statute in that respect. But we think the section was not meant to leave the determination of the inheritance tax in ancillary probate to the ordinary rules of procedure governing courts of general jurisdiction. It is not to be conceived, unless it is expressly so stated by the legislature, that it intended to apply the special manner of determining inheritance taxes so meticulously set forth in sections 3171, 3172, 3174, Revised Code of 1928, to an original probate, and to leave the same subject in ancillary probate wide open to the unfettered discretion of the superior court. We are of the opinion, construing the different sections of the inheritance tax statute as a whole, that the method for determining the tax is the same in ancillary as it is in original probate.

We come next to the question of whether this procedure, was followed, or whether there was so substantial a deviation therefrom as to require us to apply the rule laid down in the Petersen and O'Malley cases, and hold that the entire estate should be reopened for determining the true tax due the state.

Under the rule above set forth requiring courts to take into consideration the facts shown by their own records in passing upon a demurrer, the following state of facts appears. On December 22, 1936, the executor filed a petition showing the appraised value of the estate and its debts, and asking for an order fixing and determining its net value and the inheritance tax due thereon. Nothing was said in the petition as to when such hearing should be had. It was served upon the state and county treasurers immediately, as is shown by their acknowledgment of service. Upon the same day the court found the net value of the estate and the inheritance tax due thereon, and entered an order fixing the value of the amount due, which order was approved in writing by both the state and county treasurers, and a receipt issued showing payment. On

January 22, 1937, the final account of the executor was approved, and on April 28 he was discharged.

Section 3172 and 3174, *supra*, which govern the procedure to be followed in fixing an inheritance tax, so far as material to this case, read, in part, as follows:

"*Report of appraisers; hearing; how tax determined for different estates; procedure; right of appeal.* The report of the special appraiser shall be made in duplicate, and not less than twenty days before the hearing thereon one of said duplicates shall be filed in the office of the superior court and the other shall be mailed to the state treasurer. At the hearing of the account of the administration the court shall examine such report, and from the report and other proofs forthwith determine the cash value of such estate and the amount of tax to be paid; or, the court may, without appointing such appraiser, at the time of hearing the account, take evidence and determine the cash value of such estate, and the amount of tax. Notice of such hearing shall be given in such manner as the court may prescribe, but notice in writing of such hearing shall be mailed to the state treasurer not less than twenty days before such hearing upon such blanks and containing such information as he may provide. If a special appraiser is not appointed the court may appoint one of the appraisers of the estate to represent the county and state, and such appraiser shall report the inventory and appraisal of said property with the other appraisers; or, in case of failure to agree, in a separate report, and be entitled to compensation and mileage as a special appraiser. . . .

"*Judgment determining tax; rehearing.* Upon the determination by the court of the value of any estate and of the tax to which it is liable, an order shall be entered which shall include a statement of the date of death of the decedent; the gross value of the real and personal property of such estate, stating the principal items thereof; the deductions therefrom allowed by the court; the names and relationship of the persons entitled to receive the same, with the amount received by each; the rates and amounts of inheritance tax for which each such person is liable; the total amount of

tax to be paid and the amount of interest or penalty due, if any. A copy of the same shall be delivered or mailed to the county treasurer, and no final judgment shall be entered in such estates until proof is filed with the court that such copy has so been delivered or mailed.

"Any officer or person dissatisfied with the appraisement or determination of such tax may apply for a rehearing thereof before the court within sixty days from the fixing, assessing, or determination of the tax on filing a written notice stating the grounds of the application for a rehearing. The rehearing shall be upon the records, proceedings, and proofs had and taken on the hearing as herein provided and a new trial shall not be had or granted unless specially ordered. . . ."

 The petition of the treasurer alleges that the court prescribed no manner of giving of notice nor, indeed, that notice should be given to anyone, that no date of hearing was fixed in advance by the court, and that no notice in writing was given to the state treasurer twenty days before the hearing, and there is nothing in the record contradicting these allegations. The petition was filed and a hearing had and the order fixing the tax made upon the same day without any advance notice to anyone that it was to be so held. If this were all, there can be no question that the violation of the statute was a substantial one and that the state would not be bound by an inheritance tax fixed in that manner. *Petersen* v. *Southern Arizona B. & T. Co., supra*. Nor is this seriously questioned by the executor, but he contends that both the state and county treasurers did have notice that a hearing had been asked for, and after the court had made its determination thereon they approved, in writing, such determination and the order to be entered thereon, thereby waiving the provision of the section in regard to the fixing of the time of hearing and notice thereof.

So far as the acceptance of the service of the petition by the state and county treasurers is concerned, we think this was not a waiver of the requirement of the statute in regard to the fixing of a date of hearing and notice thereof. If this were all appearing in the record to show that the rights of the state had been preserved, we would be compelled to hold that they had not, and that the order was made without notice to the state and was, therefore, void. But it appears that the order fixing the tax was itself approved in writing by both the state and county treasurers, after it had been made by the court. There can be no question that if this were a litigation between private parties, and it were shown that a judgment rendered by the court has been approved in writing, and without any exception or objection by the party against whom it ran, the latter would not be permitted at a later time to appear and object to the judgment because it had been rendered against him without notice of a hearing thereon or an opportunity to be heard.

■■ While it is true that state officers whose duties are fixed and functions limited by statute may not waive the terms of a statute affecting the substantive rights of the state, yet we think that rule does not apply when it refers only to notice of a hearing. The purpose of notice is only to give a party an opportunity to be heard, and if he has full knowledge of the situation there is no reason why he should not be permitted to waive that notice. To hold to the contrary would be to substitute the shadow for the substance, and even the state, unless it expressly so provides, may not do that. After all, common sense applies to actions against it as much as it does to actions between private parties. The treasurers have the duty of protecting the interests of the state at any hearing. If, after the hearing, they feel the rights of the state have

hearing in the precise manner set forth in the statute, they should be permitted to so signify. We hold, therefore, that the irregularity in failing to give notice of the time and place at which objections on the part of the state to the fixing of the inheritance tax could be heard was waived when it appeared affirmatively in the record that the proper officers whose duty it was to make such objections, if the state had been harmed thereby, approved of the judgment as rendered by the court, without any objections thereto.

We now consider the objection that the hearing was not had at the time of the hearing of the final account. The language of section 3172, *supra,* is "at the hearing of the account of the administration." Under our probate system there may be many accounts of administration. The executor must make an accounting six months after his appointment, and thereafter at any time required by the court. Sec. 4052, Rev. Code 1928. He must also make an annual accounting. Sec. 4057, Rev. Code 1928. Any interested person may also have an accounting at any time if he can show the court that it is advisable. Sec. 4053, Rev. Code 1928. At any of these accounts parties interested may appear and be heard thereon. It may be said that it is only at a final account that the amount of the inheritance tax may be definitely and finally determined. This, perhaps, is usually true, but if an executor desires to have the tax determined sooner, and all of the interested parties, including the state, are convinced by the showing he makes that the estate is in such shape that it may be definitely determined what the tax is, we see no reason why it may not be done at any accounting. The petition for fixing the tax shows on its face that it is a general accounting of the gross and net value of the estate. We think the

fixing of the tax is not open to the objection that it was not made at the final account of the executor.

 It is urged that the record does not show that evidence was taken at the hearing when the tax was determined. The statute says the court "shall examine such report, and from the report and other proofs forthwith" determine the tax. We think that this does not mean that there must necessarily be other evidence in addition to the report of the special appraiser chosen by the state. If all of the interested parties and the court are satisfied to accept the report of the special appraiser as showing the true gross value of the estate and the account rendered by the executor as showing the deductions to be made to ascertain the net value, we see no reason why further evidence is required.

 The other objections are that no copy of the order was delivered or mailed to the county treasurer, and that no proof was ever filed with the court of any such delivery at the time of the final account, as required by section 3174, *supra*. Since the county treasurer acknowledged in writing upon the original order fixing the tax that it was approved as to form, we must assume that it was delivered to him. The statute does not say what he shall do with it after such delivery. We think the original decree endorsed in this manner by the county treasurer was sufficient "proof filed" of the delivery.

There are other objections which need not be discussed in view of what we have said.

Upon a careful review and consideration of all the objections, we are satisfied that it appears affirmatively from the petition and the records of the probate court that the statute in regard to the manner of fixing the inheritance tax was substantially followed, with the exception of the provision as to notice of the hearing,

and that this was waived by officers having authority to waive it.

The judgment is affirmed.

ROSS, C. J., and McALISTER, J., concur.