327 P.2d 288

Connie D. LIETZ, by her Guardian ad litem, Julia P. Ellis, Appellant,

v.

Paul H. PRIMOCK, Arthur M. Agasie and Nell Agasie, his wife, Appellees.

No. 6379.

Supreme Court of Arizona.

June 18, 1958.

Charles Christakis, Phoenix, for appellant.

Paul H. Primock, Phoenix, for appellees.

PHELPS, Justice.

Plaintiff Connie D. Lietz, an adjudged incompetent, by her guardian ad litem, Julia P. Ellis, filed a third amended complaint against Paul H. Primock, Arthur M. Agasie and Nell Agasie, his wife. The defendants moved to dismiss the third cause of action in the third amended complaint for failure to state a claim. The trial court granted this motion, and two weeks later it signed and approved a formal order of dismissal in which it ordered the third cause of action "dismissed insofar as said cause of action refers to the defendant Paul H. Primock." Plaintiff appeals from this order of dismissal. At the same time the trial court granted the motion to dismiss, it also quashed an order to show cause which had been obtained by plaintiff for the purpose of ordering defendant Primock to show cause why he should not answer certain questions propounded to him by plaintiff's counsel while taking the deposition of defendant Primock. On this appeal plaintiff complains of the quashing of her order to show cause as well as the order of dismissal.

Essentially plaintiff's first assignment of error asserts that the trial court erred in ordering the dismissal because the third cause of action of her third amended complaint does state a claim against defendant Primock upon which relief can be granted. We agree.

■ The third cause of action sets up a claim by alleging that plaintiff sustained damage as a result of her reliance upon fraudulent misrepresentations made to her by defendant Primock pursuant to a conspiracy with the other defendants. For the purpose of testing the propriety of the order granting the motion to dismiss, we must accept the allegations of the complaint as true. Pinkerton v. Pritchard, 71 Ariz. 117, 223 P.2d 933. The allegations of the third cause of action of the complaint set forth the following occurrences. As her attorney, defendant Primock obtained a divorce for plaintiff. Subsequent to the divorce plaintiff became mentally

incompetent to conduct her affairs. During that period she became three months delinquent in mortgage loan payments on her residence in the total amount of approximately one hundred and fifty-six dollars. While she was mentally incompetent she went to defendant Primock and informed him of her difficulty in making the mortgage loan payments. At this time and while acting as her attorney, defendant Primock stated to her "that it would serve her best interests under the circumstances and would legally be most beneficial to her to sign a quitclaim deed" and that he would find a person who would make up the delinquent payments. Defendant Primock had her sign in blank a quitclaim deed to her real property which he recorded after inserting the name of Nell Agasie as grantee in the deed. Plaintiff received no consideration for the conveyance of her real property which resulted in a loss to her of her equity therein in the approximate amount of two thousand dollars. The complaint also alleges that defendant Primock willfully and maliciously made the above-quoted representations to the plaintiff, that they were false and material, that he knew or should have known that they were false, that he intended that she rely upon them, that she had a right to rely upon them, and that she did rely upon them to her detriment. It alleges further that the defendants conspired with each other to defraud plaintiff, take her real property, sell it, and share the profits.

The complaint contains all the elements of actionable fraud which this court set forth in Law v. Sidney, 47 Ariz. 1, 53 P.2d 64, and Moore v. Meyers, 31 Ariz. 347, 253 P. 626.

■ Defendant Primock argues that since his statement upon which plaintiff bases her action for fraud is merely an opinion statement, it will not support her action for fraud. In support of his argument he quotes the following from Law v. Sidney, supra [47 Ariz. 1, 53 P.2d 66]:

"The general rule is that in order to constitute actionable fraud, the false representation must be of a matter or fact which exists in the present, or has existed in the past and cannot be predicated upon the mere expression of an opinion or upon representations in regard to matters of estimate or judgment."

That this correctly states the general rule we entirely agree. However, the sentence next following the above quote in that case gives the reason for the general rule which makes its inapplicability to the instant case painfully apparent. That sentence reads:

"The person to whom statements of the character last mentioned are made has no right to rely upon them and does so at his peril, nor can they be supposed to influence his judgment."

We believe that a client has a right to rely upon statements of the sort herein involved when made to him by his attorney in the form of advice; and we further believe that they can be supposed to have influenced his judgment. A confidential relationship of attorney and client creates an exception to the general rule, that opinion statements may not serve as a basis for actionable fraud, where such opinion is tainted with an intent to gain some advantage over the client either for himself or for another. The relationship creates the exception because a person has a right to rely upon the opinion of a fiduciary who possesses superior knowledge on the subject concerning which he expresses an opinion. See Restatement, Torts § 525 (1938); 37 C.J.S. Fraud § 10; 23 Am.Jur., Fraud and Deceit, §§ 29 and 30; 12 R.C.L., Fraud and Deceit § 16; Prosser, Torts § 90 (2d ed. 1955). The instant case fits well within this exception. The lower court should not have dismissed the third cause of action of plaintiff's third amended complaint.

Plaintiff's second assignment of error involves the quashing by the trial court of her order to show cause. The occurrences leading up to that action follow. Plaintiff propounded the following questions to defendant Primock while taking his deposition:

(1) "Did Mrs. Lietz ever come to you and tell you that she was having a little difficulty with her real property here in Arizona?"

(2) "Were you acting as attorney for her?"

(3) "At the time Mrs. Lietz came up to your office, you had conversations with her pertaining to this real property?"

(4) "Did you have Mrs. Lietz sign a quitclaim deed?"

(5) "Did you file or have recorded a quitclaim deed signed by Mrs. Lietz?"

(6) "After that conversation did you then insert her [Nell Agasie's] name in the quitclaim deed?"

(7) "Do you think at the time Mrs. Lietz came up to your office with her real property difficulties, that she was mentally incompetent?"

(8) "Do you know if Mrs. Lietz received any consideration whatsoever for conveying the real property to Nell Agasie?"

(9) "Did you at any time try to sell Connie Lietz' equity in the property to anyone?"

Defendant Primrock refused to answer these questions on the ground that answers thereto were barred by the attorney-client privilege until such time as that privilege were waived by plaintiff personally. In the course of taking defendant Primrock's deposition, plaintiff's counsel examined Julia

P. Ellis, plaintiff's guardian ad litem. By that examination Miss Ellis as plaintiff's guardian ad litem purported to waive any privileged communications between defendant Primrock and plaintiff. Defendant Primrock thereafter persisted in his refusal to answer these questions. Plaintiff's counsel thereafter petitioned for and obtained from the trial court an order for defendant Primrock to show cause why he should not answer the above-quoted questions. At the same time the trial court granted defendant's motion to dismiss, it quashed this order to show cause. Plaintiff assigns that action as error for a number of reasons which we shall consider in our following discussion.

■ A.R.S. § 12–2234 codifies the attorney-client privilege in this state and reads in pertinent part as follows:

"In a civil action an attorney shall not, without the consent of his client, be examined as to any communication made by the client to him, or his advice given thereon in the course of professional employment."

The trial court in the first instance must determine whether or not the privilege surrounds the answers called for by the questions propounded. Clearly before testimony of the attorney can be considered privileged, the person who invokes the protection of the privilege must avow the existence of a professional relationship. In the instant case defendant Primrock, who invoked the privilege for the protection of Mrs. Lietz, refused even to answer a question as to whether he was acting as attorney for her. Thus he refused to avow that he was acting as attorney for Mrs. Lietz in regard to the matters about which plaintiff's counsel questioned him. In order to be permitted to invoke the privilege, defendant Primrock must avow that he was acting as attorney for Mrs. Lietz. Before considering the matter further, the trial court should have demanded an answer to this question.

■ Some of the questions which defendant Primrock refused to answer obviously did not involve "any communication made by the client to him, or his advice given thereon." Answers to those questions were therefore not privileged. Others did involve such matters and therefore demanded answers which would ordinarily be barred by the privilege.

■ Plaintiff argues that the privilege may be waived by a guardian ad litem. She cites in behalf of this proposition the well-reasoned case of Yancy v. Erman, Ohio Com.Pl., 99 N.E.2d 524, which holds that the general guardian of an incompetent may waive the attorney-client privilege in order to protect the incompetent's interests in a lawsuit which the general guardian is compelled to defend for the incompetent. The reasoning of that case commends to us

a like rule in the case of a guardian ad litem. The court appoints a gurdian ad litem to prosecute or defend a lawsuit for an incompetent party thereto. The guardian ad litem to further this end must possess the power to conduct the suit in the manner he deems to be for the best interest of the incompetent. If he deems it to be for the best interest of the incompetent in the lawsuit to elicit testimony from the incompetent's attorney in regard to matters cloaked by the attorney-client privilege, he should possess the power to waive that privilege. This question is a matter of first impression in this state; but we have no hesitancy in deciding that the duly appointed guardian ad litem of an incompetent may waive the attorney-client privilege in regard to matters relevant to the lawsuit concerning which he was appointed in the same manner and to the same extent as the incompetent could waive it if he were fully competent.

For these reasons the trial court should not have quashed plaintiff's order to show cause.

Defendant Primrock claims this appeal should be dismissed and raises the question of whether plaintiff appeals from an appealable order. We considered this question on defendant Primrock's motion to dismiss the appeal and determined the question adversely to defendant Primrock's contention when on February 13, 1957 we ordered "the appeal reinstated for determination on the merits." We therefore decline to consider the question now.

Order of the trial court dismissing plaintiff's third cause of action is hereby vacated with instructions to reinstate it. Further, the trial court's order quashing plaintiff's order to show cause is hereby vacated.

UDALL, C. J., and WINDES, STRUCKMEYER and JOHNSON, JJ., concur.