351 P.2d 992

Lewis K. EASTMAN, Appellant,

v.

Harry T. SOUTHWORTH, M.D. et al., as members of the Board of Medical Examiners of the State of Arizona, and the Board of Medical Examiners of the State of Arizona, Appellees.

No. 6538.

Supreme Court of Arizona.

May 4, 1960.

E. R. Thurman, Phoenix, Ellis & Cox, Eloy, for appellant.

Robert Morrison, former Atty. Gen., H. B. Daniels, Asst. Atty. Gen., Wade Church, present Atty. Gen., H. B. Daniels, Asst. Atty. Gen., for appellees.

PHELPS, Justice.

This is an appeal by Lewis K. Eastman, hereinafter referred to as petitioner, from an order and judgment of the superior court dismissing his second amended complaint in which he sought a writ of mandamus against the State Board of Medical Examiners, appellees, hereinafter designated as the Board. The order of dismissal also denied petitioner the right to amend.

The facts of the case are that petitioner is a physician and surgeon, and has been engaged in the practice of his profession in the State of Illinois since November 1917 after his graduation from Loyola University School of Medicine until some time

previous to coming to Arizona in 1951, and is now duly licensed to practice his profession in that state.

On April 4, 1951 petitioner made application with the Arizona State Board of Examiners in the Basic Sciences requesting that he be issued a certificate of registration in the basic sciences by reciprocal endorsement. Petitioner complied with all of the rules and regulations of said Board and with the provisions of Section 67–207, Cum.Sup. paragraph B, A.C.A.1939, [now A.R.S. Subsection B, § 32–424] in filing said application.

The second amended complaint alleges that the above-named Board subsequent to said 4th day of April 1951 up to the 29th day of September 1954, purposely procrastinated and arbitrarily and capriciously failed to inform petitioner that it would or would not issue him a certificate in the basic sciences; That during the interim period above mentioned the Board advised petitioner that his application would be presented again to the Board but that he was not informed until September 29, 1954 that his application had been denied.

That petitioner was forced to file an action in the superior court asking it to mandamus the Examining Board in Basic Sciences to issue said certificate to him, and that on December 7, 1954, said court did issue its peremptory writ of mandamus commanding the Board to issue said certificate of registration in the basic sciences to petitioner by reciprocal endorsement between the State of Arizona and the State of Illinois.

The complaint further alleges that on March 27, 1951 petitioner filed his application with the Arizona State Board of Medical Examiners for a certificate to practice medicine and surgery in Arizona, and that no action was taken thereon until subsequent to the issuance of the peremptory writ of mandamus December 7, 1954 against the State Board of Examiners in the basic sciences with whom it is alleged the State Medical Board of Examiners had been cooperating; That this delay was without justification for the reason that petitioner had fully complied with the law relating thereto and with the rules and regulations of the State Medical Examining Board.

Petitioner alleges that on January 7, 1955, a form letter was addressed to him requesting him to appear before the Board at 2:15 p. m. on January 15, 1955 for a personal interview; That at that time and place he was advised by the president of the Board of Medical Examiners that it had information he was morally unfit and that he was guilty of unprofessional conduct and that it had other derogatory statements concerning him, and that the Board would not decide his matter until further investigation; That he was not informed of the outcome

of such investigation until December 21, 1956, a period of nearly two years later.

The second amended complaint further alleges that on April 11, 1955, a letter was addressed to him advising that an interview was scheduled with him for 4 p. m. April 16, and requested him to report; That he presented himself at the time and place and was informed by the president of the Board that further derogatory statements concerning him had been received but, when requested by petitioner to inform him of their nature and by whom the charges were made, the Board refused to give him the information. Upon inquiry as to when their investigation would be concluded he was informed the members did not know. Petitioner then requested that he be given an oral examination and was told by the Board they were not prepared to give him such an examination.

It is further alleged that at no time has the Board cited petitioner with a sworn complaint charging him with unprofessional conduct as provided in Section 67–1106, A.C.A.1939, or A.R.S. § 32–1452, setting forth the particular facts upon which they rely as constituting unprofessional conduct; That a letter addressed to petitioner bearing date December 19, 1956 informed petitioner that although it felt that his past activities are subject to question and cast some reflection upon his reputation as an ethical practitioner, it would abide by the law, A.R.S. § 32–1452, supra, which provided in part that:

" * * * No certificate shall be refused on the ground of inability or unprofessional conduct unless the applicant has been affected by such inability or guilty of such conduct within two years next preceding his application."

and that the next scheduled meeting of the Board would be January 19, 1957, and it was requested that he submit to an oral examination. The amended complaint having been dismissed without leave to amend by the court, the court was thereby committed to the proposition of law, not only that all of the material allegations of fact were true but that it did not state a cause of action against the Board, and that petitioner could not *amend* it so that it would state a cause of action.

It was the duty of the Board to abide by the law as it related to the petitioner at all times after his application was filed with it. It had no legal right to disregard its plain provisions for five years. The letters filed as a part of the amended complaint showed no charge of infraction of the ethics of the medical profession had been made for close to twenty years and the Board had in its possession from April 30, 1954, and presumably at all times thereafter, a letter from an assistant state's attorney of Cook County, Illinois, stating that he was an assistant state's attorney from

May 1929 to July 1933, charged with the duty of prosecuting illegal medical practitioners; That Doctor Eastman aided him in that regard and in other law enforcement agencies in ferreting out illegal practitioners; That because of this fact petitioner incurred the bitter enmity of many illegal practitioners; That in an attempt to force petitioner to desist from cooperation with the prosecuting attorney they filed spurious charges against him in an effort to have his license to practice medicine in Illinois suspended. They were unsuccessful he stated, and three of the members of the staff seeking the suspension of his license were indicted. One of them fled the jurisdiction and the other two were convicted and sentenced; That in 1935 the same Board of Registration and Education, consisting of the same personnel, reviewed the charges against petitioner and completely exonerated him and ordered the entire record expunged. This letter was susceptible of corroboration or refutation by public records which would not require more than two months to procure.

The sole question raised by petitioner in his assignment of error is that the court erred in dismissing his last amended complaint. We are of the view that the second amended complaint stated a good cause of action and it was reversible error to dismiss it without leave to amend, unless we can say, as urged by counsel for the State, that mandamus will not lie in this case.

There is no question but that the Board is vested with discretion both as to whether it will issue a certificate to an applicant who has previous to his application practiced his profession in another state, and as to whether such applicant will be required to take an oral examination before such certificate will issue. And as stated by Attorney Daniels in his excellent brief on the functions of mandamus, it is the law that mandamus will not lie to compel an administrative board, inferior tribunal or public official to exercise its discretion in any particular manner, but the power of the court is limited to requiring such board, tribunal or official to exercise its discretion in whatever manner its judgment may dictate. Arizona State Highway Comm. v. Superior Court, 81 Ariz. 74, 299 P.2d 783.

It will be remembered that no answer was ever filed in this case, but on motion of the attorney general, counsel for the Board, the amended complaint was dismissed without leave to amend; and, as above stated, we must consider every material allegation therein as being true. Arizona Tax Comm. v. Dairy & Consum. Cooperative Ass'n, 70 Ariz. 7, 215 P.2d 235. These allegations proclaim in language that is forceful and unmistakably clear that petitioner was discriminated against, and that the action of the Board

was arbitrary and capricious. Considering these allegations as true, petitioner has not received that quality of justice to which he was entitled.

It will be observed also that petitioner's application to practice medicine and surgery in Arizona has been held up for a period of nine years solely upon the ground, as stated by the Board, that he was *not morally fit* to practice his profession in Arizona. So far as the record discloses no request was ever made of petitioner to take an oral examination until the letter of the Board addressed to him on December 19, 1956, requesting him to appear before it on January 5, 1957 for the purpose of taking such an examination, and not until then did the Board indicate that it would require an oral examination of petitioner. It is alleged in the complaint that as early as April 11, 1955, petitioner asked permission to take such oral examination but the Board then denied him the right to take it upon the ground, as alleged in the amended complaint, "that they were not prepared to give him an oral examination." Nor did they fix a date on which he could take it.

█ If the Board had any intention of giving him an oral examination it was the duty of the Board to give him such oral examination as early as convenient or at least to advise him that he would in any and all

events be required to take such an examination. He had the right to be apprised of the necessity of keeping abreast with the rapid advances being made in the field of medicine and surgery, and thus be better prepared to answer any questions relating to any recent discoveries or advancements made in those fields.

The Board has known since April 1954 of the complete exoneration of petitioner by an Illinois Board operating within the authority of the medical profession, as well as knowledge of the causes which brought about the charges against petitioner characterized as spurious by the prosecutor who should know the facts, and which could have been either verified or refuted within a few weeks at the most from an examination of the trial court record in Chicago, and the records of the Illinois Medical Examining Board.

█ The second amended complaint alleged that the Board of Medical Examiners of Arizona by its conduct has waived the right to require petitioner to take an oral examination at this late date. We agree with this view. If the Board ever intended to require petitioner to take an oral examination it has by its conduct abandoned it and therefore waived the right to now require it. At all times it was fully aware of its discretionary right to require an oral examination. The request was

400

made of it to give such an examination in 1955 and denied. It then was relying upon the moral unfitness of petitioner as stated to him from the very outset, although it has known since April 1954 that the charge was baseless, according to the records both of the Medical Board of Illinois and the record of the trial court of Cook County, Illinois.

■ We have so often held that one who relies upon the provisions of a statute for the relief sought may not attack its constitutionality that we deem it unnecessary to comment further upon that question nor cite authorities supporting it.

Under the provisions of Section 67–1106, A.C.A.1939, (now A.R.S. § 32–1452) the Board was without authority to deny petitioner a certificate to practice medicine and surgery based upon unprofessional conduct unless the applicant had been guilty of such conduct within two years next preceding his application, and we have held above that by its conduct it has waived its discretionary right to subject petitioner to an oral examination.

The judgment of the trial court is reversed with directions for further proceedings not inconsistent with this decision.

STRUCKMEYER, C. J., and UDALL, JOHNSON and BERNSTEIN, JJ., concur.