No. 20,232.

JOSEPH P. RUTH, ET AL., *v.*
DEPARTMENT OF HIGHWAYS, STATE OF COLORADO.
(385 P. [2d] 410)

Decided September 30, 1963.

Mr. EDWARD O. GEER, Mr. BRUCE OWNBEY, Mr. DAVID
G. MANTER, for plaintiffs in error.

Mr. DUKE W. DUNBAR, Attorney General, Mr. JOHN P.
HOLLOWAY, Chief Highway Counsel, for defendant in
error.

*In Department.*

Opinion by MR. JUSTICE PRINGLE.

PLAINTIFFS in error, hereinafter called Ruth, were
plaintiffs or petitioners in the trial court, and defendant
in error the Department of Highways, State of Colorado,
hereinafter called the Department, was defendant or re-
spondent.

Ruth is the owner of a parcel of land in Clear Creek
County and of certain water and ditch rights and ditch
or pipeline rights-of-way appurtenant thereto. State
Highway 103 runs through a portion of Ruth's land and
the ditch or pipeline right-of-way passes under this
highway.

In September of 1957 the Department filed a petition
in condemnation to acquire approximately two acres of
Ruth's land for the purpose of effecting necessary im-
provements to State Highway 103. The Department was
granted immediate possession and shortly thereafter

work began on the highway. Thereafter, a trial was held to determine the compensation to be paid to Ruth by reason of the taking. At the trial Ruth raised no issue with respect to the infringement or destruction of his ditch rights, water rights and ditch or pipeline right-of-way. An award was entered which did not satisfy Ruth and he brought writ of error. That judgment was affirmed. *Ruth v. Department of Highways,* 145 Colo. 546, 359 P. (2d) 1033.

Thereafter, Ruth brought this action for mandatory injunction or for damages, alleging that after the Department took possession, his ditch or pipeline right-of-way and his means of conducting water to his land was destroyed in the course of the construction of the new highway and that as a result he was without access to his valuable water rights. He requested that the trial court order the Department to construct and maintain a satisfactory tunnel under the improved highway so that he might enjoy his water rights or, in the alternative, that he be awarded damages for the loss of use of his water rights. He did not allege negligence in the construction or use of the highway.

To this complaint the Department filed a motion to dismiss on the grounds that the matter was *res adjudicata* by reason of the former condemnation action. No affidavits, depositions or exhibits of any kind accompanied this motion. The trial court, upon this state of the record, granted the motion to dismiss and Ruth brings error.

In its opinion the trial court stated that the trial in the former case was held after the highway was completed and that the damages of which Ruth now complains were therefore obvious at the time of the trial and should have been presented and adjudicated in that action. The Department states in its brief that the highway improvements were completed some six months before the trial. Ruth, however, states in his brief that the trespass of which he complains had not occurred at

the time of the trial and that he could not anticipate it at that time.

 It is perfectly clear in Colorado that an award in an eminent domain proceeding is inclusive of all damages present and prospective that are the natural, necessary or reasonable incident of the improvement, but does not include such damages as may arise from negligent. or unskillful construction or use thereof. *Denver City Irrigation & Water Co. v. Middaugh,* 12 Colo. 434, 21 Pac. 565; *Mulford v. Farmers' Reservoir and Irrigation Co.,* 62 Colo. 167, 161 Pac. 301. Therefore, if the highway was completed at the time of the trial or if the acts which constituted the alleged destruction of Ruth's water rights or pipeline or flume or interference with his right-of-way were such as to constitute a natural, necessary or reasonable incident of the improvement, then the prior action is *res adjudicata* as to the relief sought here.

Unfortunately, the only information we have concerning the completion of the highway or what acts of the Department allegedly destroyed or damaged Ruth's water rights is contained in conflicting statements of counsel in their briefs. None of this information appears in the record and we are not disposed to determine such questions on the basis of disputed statements contained in briefs.

 Rule 8(c), R.C.P. Colo., makes *res adjudicata* an affirmative defense in this state. To sustain the defense, facts in support of it must be affirmatively shown either by the evidence adduced at the trial, or by way of uncontroverted facts properly presented in a motion for summary judgment or by a motion to dismiss under Rule 12(b), R.C.P. Colo., where the court, on the basis of facts properly presented outside of the pleadings, is enabled to treat the same as a motion for summary judgment under Rule 56. None of these procedures were followed in the trial court. The record as presented here does not permit the granting of a

motion to dismiss on the grounds that the matters in controversy were *res adjudicata.*

The judgment is reversed and the cause remanded for such further proceedings as are necessary and proper to the final determination of the action.

MR. JUSTICE SUTTON and MR. JUSTICE MCWILLIAMS concur.