419 P.2d 66

**LAKIN CATTLE COMPANY, a corporation,**
Appellant,

v.

George **ENGELTHALER**, Joseph Metzguer, Administrator of the Estate of Dan Ford, deceased, the unknown heirs of Dan Ford, and Silver Star Cattle Company, Inc., Appellees.

No. 8018.

Supreme Court of Arizona,
In Division.

Oct. 13, 1966.

Gust, Rosenfeld & Divelbess, by Frank E. Flynn, Richard A. Segal, Phoenix, for appellant.

Claude W. Olney, Phoenix, for appellees.

McFARLAND, Justice:

Lakin Cattle Company, hereinafter referred to as appellant, brought an action

of forcible detainer pursuant to A.R.S. § 33–361 and A.R.S. § 12–1171 et seq. George Engelthaler, Dan Ford, and the Silver Star Cattle Company, hereinafter referred to as appellees, were granted a motion to dismiss followed by a judgment in their favor based upon a plea of res judicata. Appellant appeals from this judgment.

The record shows that appellant filed a complaint of forcible detainer on February 1, 1963, which alleged that it was entitled to the possession of leased premises because of a breach in the payment of rent, as the provision in regard to the failure of payment was amended to read:

" 'The lessees failed to pay, in accordance with the terms of the Lease, the rental which was due on August 18, 1962. The rent was due and in arrears for five days prior to the commencement of this action.' "

Appellees filed their answer denying the allegation of nonpayment, and as an affirmative defense alleged that they had tendered the rent of $1033.33 for the current year before and after the filing of the suit; also that appellant had breached the lease in other particulars. They also affirmatively alleged the defense of res judicata in that on January 22, 1963, at Phoenix, Arizona, the court had rendered a final judgment, finding they were not guilty of forcible detainer on the merits of the case, and that the allegation that they had failed to pay the rental which was due on August 18, 1962, in accordance with the terms of the lease, was in issue and decided in the prior action. They further alleged the defense of estoppel on the grounds that appellant accepted the rent conditionally on September 28, 1962, but later refused it due to no fault of appellees.

It is not contended the allegations other than that of res judicata would not require proof, which leaves the question as to whether the allegation of res judicata was proven. As stated in Ruth v. Department of Highways, 153 Colo. 226, 385 P.2d 410, this was an affirmative allegation, the proof of which rested upon appellees. While, as we have stated, the court could take judicial notice of the records of another case in the same court, the record in the instant case does not show this was done. The minutes show the case came on for trial; that both sides announced ready for trial, at which time the motion of appellant to amend its pleading was made and granted. Appellees then moved for dismissal. The record shows:

"Defendant moves for dismissal.

"It is the Court's opinion that this action cannot lie as a forcible detainer entry.

"IT IS THEREFORE ORDERED granting defendant's Motion to Dismiss.

"The jury panel is excused and directed to return to the Jury Commissioner.

"LET THE RECORD SHOW plaintiff's offer of proof.

"The offer to present this evidence is denied.

"ORDER allowing counsel 5 days within which to submit memorandum."

The appellant contends the judgment should be reversed, for the record shows an absence of any evidence to support sustaining the motion upon a plea of res judicata. There is nothing in the scant record submitted to this court on appeal which shows that the court below ever considered the alleged earlier judgment or a certified copy thereof. The following is the judgment as quoted from the record:

"The above numbered and entitled cause being duly and regularly called for trial, the plaintiff appeared by counsel and defendant appeared in person and by counsel, and all parties announced ready for trial. Defendant moved for dismissal based upon a plea of res judicata, and the Court having heard arguments of counsel thereon, and the Court having given due consideration to all matters therein presented, and it appearing to the Court that defendant's Motion to Dismiss should be granted;

"IT IS THEREFORE ORDERED, ADJUDGED AND DECREED that

defendant's Motion to Dismiss be, and the same is hereby granted, and that plaintiff recover nothing by reason of its suit herein."

Based upon the record presented on appeal to which this court must limit itself, the alleged prior action is mentioned only in the appellees' amended answer.

■ The general rule in deciding a motion to dismiss is that all of the material allegations of the pleadings of the nonmoving party are taken as true. Lietz v. Primock, 84 Ariz. 273, 327 P.2d 288, 67 A.L.R.2d 1262; Eastman v. Southworth, 87 Ariz. 394, 351 P.2d 992. One exception to this rule is that if there is a conflict between a material allegation of the nonmoving party's pleading and a fact which the court may take judicial notice of, then the judicially noticed fact is considered as true in ruling on the motion. Estate of Taylor, 56 Ariz. 273, 107 P.2d 217. Arizona has ruled that a court may, under proper circumstances, take judicial notice of proceedings in the same court. Reidy v. O'Malley Lumber Company, 92 Ariz. 130, 374 P.2d 882; Regan v. First National Bank, 55 Ariz. 320, 101 P.2d 214.

■■ The motion to dismiss was based upon a plea of res judicata. 16 A.R.S. rule 8(d) expressly includes the defense of res judicata as an affirmative defense. An affirmative defense must be plead *and* proved by the defendant. New York Life Insurance Co. v. Rogers, 9 Cir., 126 F.2d 784. The record shows appellees plead the alleged prior judgment (though not with specificity), but they must prove it was res judicata. Williams v. Hall, 30 Ariz. 581, 249 P. 755.

■■ Appellant was denied his right to sue appellees because the trial court found appellant had already had its day in court. Judicial notice merely means that the court can consider a prior judgment between certain parties dealing with certain subject matter. Even though the court may take judicial notice of these alleged prior proceedings, appellees would still have to prove

that the prior action judicially noticed is res judicata of the issue or issues in contention in the present action. If the court took judicial notice of a prior proceeding involving the same parties, and there was a judgment rendered against appellant in its forcible detainer action which was based upon the failure to make the same rental payment, which is the basis of this action, the question is whether this alone proves res adjudicata. These facts at most establish a prima facie case of res judicata and before the trial court can dismiss appellant's complaint, it must be offered the opportunity of going forward with the evidence to show a change in circumstances which would make appellees presently liable for the rent payment now due, though the same rent payment was not due at the time the earlier judgment was given. There is nothing in the record to refute appellant's position that it was never given such an opportunity, and in a bilateral contract such as this where both parties have made dependent promises, it is very easy to envisage situations where due to changed circumstances the tenant's failure to pay his rent may not be grounds for a successful forcible detainer action, while a few days later it may be good grounds.

The abstract of record is so brief and the trial court's judgment so general that it is impossible for this court to ascertain just what the trial court did consider in arriving at its decision.

■ In the case of Ruth v. Department of Highways, supra, appellee brought an action for damages as a result of loss of water rights which he had suffered due to the State of Colorado's earlier condemnation of a portion of his property. Appellant's suit never reached trial because appellee successfully maintained a claim of res judicata, based upon a prior action for damages as a result of the condemnation. The court, in its ruling for appellant stated:

"Rule 8(c), R.C.P.Colo. makes *res adjudicata* an affirmative defense in this state. To sustain the defense, facts in support of it must be affirmatively shown either

by the evidence adduced at the trial, or by way of uncontroverted facts properly presented in a motion for summary judgment or by a motion to dismiss under Rule 12(b), R.C.P.Colo., where the court, on the basis of facts properly presented outside of the pleadings, is enabled to treat the same as a motion for summary judgment under Rule 56. None of these procedures were followed in the trial court. The record as presented here does not permit the granting of a motion to dismiss on the grounds that the matters in controversy were *res adjudicata*." 153 Colo. at 229, 385 P.2d at 411

We are in agreement with Ruth v. Department of Highways, supra. The record in the instant case does not show appellant had its day in court. For the court below to grant a judgment based on a motion to dismiss because of res judicata, the record must show appellant had already had its day in court under the facts and circumstances as they existed at the time the dismissed complaint was filed. Appellees do not give the number of the case which they allege is res judicata of the issues in the instant case.

The record further fails to show that the court took judicial notice of the records of another case or that appellees requested the court to take judicial notice of the records. It is not necessary for this court to pass upon the effect of the silence of the record as to whether the court took judicial notice of the proceedings in the earlier case. Appellees alleged that the case which was res judicata of the issues of the instant case was decided on the 22nd day of January, 1963. The complaint in the instant case was filed on February 1, 1963. Assuming, as alleged in appellees' affirmative answer, that the court in another case found appellees not guilty of forcible detainer for nonpayment of rent, the pleadings and judgment in the other case were not made part of the record in the instant case. So we do not know whether the court found appellees not guilty of forcible detainer as of the date the complaint was filed, the date of the trial, or the date of the judgment. But even if it was the date of the judgment, appellant made an offer of proof, and the offer to present the evidence to show appellees guilty of forcible detainer on the date the instant complaint was filed, was denied. Appellees did not prove that between the time of the other judgment and the time the new complaint was filed the money did not become due and remain due for over a period of five days as alleged in the complaint. On the contrary, appellant was denied the opportunity to present evidence.

Judgment of the lower court is reversed and the case remanded for further proceedings.

STRUCKMEYER, C. J., and BERNSTEIN, V. C. J., concur.