439 P.2d 297

**Leon ULAN and Sylvia Ulan, husband and wife, Appellants,**

**v.**

**Milford KAY and Edna T. Kay, husband and wife, Sidney Katz and Shirley Katz, husband and wife, and Ferdinand Reese and Dorothy Reese, husband and wife, Appellees.**

**No. 2 CA–CIV 461.**

Court of Appeals of Arizona.

April 2, 1968.

Rehearing Denied May 3, 1968.

Review Denied May 23, 1968.

William Messing, Tucson, for appellants.

Johnson, Darrow, D'Antonio, Hayes & Morales, by Raymond F. Hayes, Tucson, for appellees Kay.

Silver, Silver, Ettinger & Karp, by Eugene Karp, Tucson, for appellees Katz.

Whitehill, Feldman, Scott & Berger, by William C. Scott, Tucson, for appellees Reese.

HATHAWAY, Chief Judge.

We will refer to the parties by their last names. In September of 1962 the appellees, Kay, entered into two contracts where they sold land in New Mexico to one Dabrow. Thereafter, Kay sold both contracts to the appellants, Ulan, in exchange for property and other value. The appellees Katz and Reese participated in negotiating the exchange. Ulan later sold one of the contracts to Terman and the other to Richtars.

Terman, dissatisfied with the value of the land, sued Ulan, Kay and Dabrow for fraud. Ulan cross-claimed against Kay and joined Katz and Reese as third-party defendants, alleging those three had defrauded him. The cause was tried to the court and Ulan obtained a judgment against Kay, Katz and Reese.

About a month after judgment was entered in the Terman case, Richtars sued Ulan on the other contract. Again Ulan cross-claimed against Kay and joined Katz and Reese alleging that they had defrauded him when they sold the contract to him. Katz and Reese moved for summary judgment, claiming the matter was res judicata.

Kay moved for summary judgment on the basis that Ulan was attempting to split his cause of action. The motions were heard and granted by the Honorable John P. Collins, who had presided as trial judge in the Terman trial. This appeal is from the judgment subsequently entered.

A party raising the doctrine of *res judicata*, implementing the public policy that there be a finality to litigation and that once a matter is adjudged it remain settled between the parties, must show that the same issue decided in a former cause was raised in the latter, Williams v. Hall, 30 Ariz. 581, 249 P. 755 (1926). The record shows that *res judicata* cannot operate as a plea in bar in the instant cause. The plaintiffs are different; the actions relate to different tracts of land and evolve from different contracts. That the Ulan interest in both contracts was acquired through a single business transaction is unimportant. The actions were separate and distinct and owned separately by the respective plaintiffs. When one sues and obtains a judgment the other is in no wise barred. Rousselle v. Jewett, 101 Ariz. 510, 421 P.2d 529 (1966). As pointed out in *Rousselle*, supra, at 513, 421 P.2d at 532:

> "The relevant test is not whether there has been a prior lawsuit, but whether the same cause of action, or one so closely related that its proof depends on the same facts, has once been litigated. [citations omitted]"

Nor is there basis for Kay's claim that " * * * Ulan could have litigated in the Terman suit the alleged fraud by Kay in connection with the Richtars contract. He did not and he is now barred from doing so." Kay contends that both contracts were sold to Ulan in a single transaction and that the trial court " * * * properly ruled that Ulan should have sought damages in connection with the Richtars contract at the time he sued Kay on the Terman contract * * *." During the Terman proceedings, Ulan had no claim against the third-party defendants arising out of the other contract, since that contract had been disposed of to Richtars for value. Ulan properly refrained from an attempt to broaden the Terman proceedings to include a new party who held an interest under a separate contract relating to a different tract of land. For all the record shows, Richtars, at the time of the Terman proceedings may have been satisfied with the transaction. Additionally, the third-party proceedings were limited to the " * * * subject matter * * * of the original action * * * or * * * to any property that is the subject matter of the original action." Rule 14(a) and Rule 13(g), Rules of Civil Procedure, 16 A.R.S. In view of the disposition herein, we deem it unnecessary to consider anything further raised in the appeal.

The judgment is reversed and the cause is remanded for further proceedings not inconsistent with this opinion.

KRUCKER, J., and ALICE TRUMAN, Superior Court Judge, concur.

NOTE: Judge JOHN F. MOLLOY having requested that he be relieved from consideration of this matter, Judge ALICE TRUMAN was called to sit in his stead and participate in the determination of this decision.