481 P.2d 542

**Victor A. BOHR and Betty W. Bohr, his wife, Appellants,**

**v.**

**Richard C. CARLISE and Rose M. Carlise, his wife, Angeline Carlise, Angeline Carlise, as Executrix of the Estate of Anthony Carlise, Deceased, and Arizona Title Insurance & Trust Company, an Arizona corporation, Appellees.**

**No. 1 CA–CIV 1189.**

Court of Appeals of Arizona, Division 1, Department B.

March 9, 1971.

Rehearing Denied April 1, 1971.

Review Denied May 4, 1971.

Donald D. Meyers, Phoenix, for appellants.

Michael A. Bosco, Jr., and Trew & Woodford, by Joseph B. Swan, Jr., Phoenix, for appellees Carlise.

Johnson & Shaw, by Joseph P. Shaw, Phoenix, for Arizona Title Ins. & Trust Co.

HAIRE, Judge.

This is an appeal from a summary judgment in favor of Richard Carlise, and others (hereinafter the "Carlises") and against Victor and Betty Bohr, arising from an action to quiet title to 54 acres of land.

The uncontested facts are as follows. In 1959, the Bohrs entered into a trust agreement wherein Arizona Title & Trust Company was designated as trustee, Progressive Investment Corporation was designated as

the beneficiary, and the Bohrs (appellants herein) were designated as trustors. The trust agreement essentially provided that the Bohrs would purchase 160 acres of land from Progressive Investment for a total purchase price of $96,000.00. Pursuant to the trust agreement, two down payments and three annual payments were thereafter made by the Bohrs, so as to total by 1962 the sum of $54,592.00. Of this sum, $32,-280.00 was applicable to the release of acreage held in trust. The Bohrs thereafter demanded and received from the trustee a deed for 54 of the 160 acres held in trust. This deed was duly recorded, and the propriety of this release is not questioned. More than one year after this conveyance, the Bohrs, as a result of a dispute between the parties not relating to the conveyance of the 54 acres, filed a civil complaint against the Carlises (successors in interest to the beneficial interest originally held by Progressive Investment), appearing as Cause No. 160793, in the Superior Court of Maricopa County. This complaint set forth a claim that there had been a breach of the trust agreement by the beneficiary and the Carlises, causing damage to the Bohrs. In that action the Carlises contended that the Bohrs were in default under the trust and that their interests were subject to forfeiture.

An attempt was made to settle the dispute underlying Cause No. 160793 by agreement between the parties, thereafter embodied in a "Stipulation and Order". The construction and effect to be given this stipulation gives rise to the questions before the Court on this appeal.

The stipulation provided in pertinent part that Arizona Title, as trustee, would record a trustee's deed in favor of the Carlises covering certain real property, described in the stipulation, *unless* the trust agreement between the parties was reinstated by the Bohrs bringing current by midnight, June 22, 1965, all payments of principal and interest then due or to become due under the trust agreement. The stipulation further contained ambiguous and contradictory provisions relating to the dismissal of Cause No. 160793, but it appears that the parties intended that by June 23, 1965, the action would be dismissed with prejudice. In fact the Bohrs did not exercise this option to reinstate, and the litigation was dismissed by order of the court entered September 9, 1965.

The stipulation provided that the trustee's deed to the Carlises would convey real property described as follows:

"* * * the Southeast Quarter of Section Eight (8), Township One (1) South Range Seven (7) East of the Gila and Salt River Base and Meridian, Maricopa County, Arizona * * *."

This description thus included the entire 160 acres originally placed in trust. The Bohrs urged below and now urge on appeal that such description occurred as a result of mutual mistake and that only the 106 acres remaining in trust, after deducting the 54 acres conveyed some 18 months previously, were intended to be the subject of the stipulation. Prior to the Bohrs' discovery of the alleged mistake contained in the stipulation, the Bohrs elected not to bring current their delinquent payments and thereby renounced what they allegedly believed to be their interest in the 106 acres actually remaining in trust. On June 23, 1965, the trustee, Arizona Title, pursuant to the election by the Bohrs not to purchase under the stipulation, executed a deed to the Carlises as grantees, purportedly conveying the entire 160 acres using the legal description set forth in the stipulation. The Bohrs contend that they did not discover this alleged mistake until six month after such conveyance. Shortly thereafter they instituted this action to quiet their title to the 54 acres in question.

The trial court's judgment recites entry of judgment in favor of the Carlises "upon the grounds and for the reason that the issues herein attempted to be litigated are Res Judicata by reason of the Stipulation and Order entered on November 14, 1964 in Cause No. 160793 * * *." In our

**174**

opinion it was error to enter summary judgment upon this basis, or any other basis.

■ A review of the pleadings in Cause No. 160793 in a light most favorable to the appellees fails to reveal any issue with respect to the conveyance of the 54-acres made 18 months earlier to the Bohrs, or the $54,-592.00 paid by the Bohrs for the release of such acreage; indeed the Bohrs' complaint in Cause No. 160793 dealt generally with a breach of the trust agreement by the appellees occurring a substantial period of time after the release of the 54 acres. Since there was no litigation on the merits in Cause No. 160793, these pleadings and the order entered upon stipulation comprise the sole record to which the doctrine of *res judicata* could have application. A review of that record does not persuade us that title to the 54 acres now in question was raised as an issue, was intended to be raised as an issue, necessarily had to be or could have been raised as an issue under the existing pleadings, or was an issue actually litigated. Arizona case law regarding the application of the doctrine of *res judicata* clearly requires that for a prior suit to be *res judicata*, the same issues must be decided therein which were raised in the second cause, or which were actually and necessarily included therein or necessary thereto. Rousselle v. Jewett, 101 Ariz. 510, 512, 421 P.2d 529, 531 (1966); Ulan v. Kay, 7 Ariz.App. 325, 439 P.2d 297 (1968).

In our opinion entry of the judgment of dismissal in Cause No. 160793 did not furnish a basis for later application of *res judicata* principles to the subject matter of this action *unless* by their stipulation the parties intended to inject the previously released 54 acres into that litigation arena. In Suttle v. Seely, 94 Ariz. 161, 382 P.2d 570 (1963) and in Anderson v. State, 54 Ariz. 387, 96 P.2d 281 (1939), the Arizona Supreme Court recognized that parol evidence may be received to determine the intent of the parties when the meaning of a stipulation or agreement underlying the entry of a consent judgment is ambiguous. *See also*, 47 Am.Jur.2d Judgments § 1085, at 142 (1969).

Looking at the circumstances and the stipulation here involved it is apparent that it is ambiguous. If the subject matter of the underlying action in Civil 160793 had involved the entire 160 acres, and if at the time the stipulation was signed the trustee had held title to the entire 160 acres so as to be able to thereafter convey the same as purportedly required by the stipulation, there would be no ambiguity. However, the absence of these factual predicates is clearly demonstrated by the record, and when this absence is coupled with the fact that the stipulation contains no provisions purporting to require the Bohrs to reconvey the 54 acres to the trustee or forfeit their interest therein, the ambiguity becomes even more pronounced. While the Carlises maintain that there is no ambiguity in the stipulation, it must be noted that they cannot hope to be successful in their counterclaim to quiet title to the 54 acres in themselves without relying upon an obligation not expressed in the stipulation—the claimed obligation on the part of the Bohrs to convey the 54 acres to themselves or to the trustee. In summary, the facts before the trial court clearly demonstrate that the stipulation was ambiguous.

■ In view of the fact that the intent of the parties was material to a proper construction of the ambiguous stipulation, the affidavits filed in the trial court presented "a genuine issue of material fact" as to this intent and therefore precluded the entry of summary judgment. Rule 56 (c), Rules of Civil Procedure, 16 A.R.S.

The judgment is reversed and the matter remanded for further proceedings consistent with this opinion.

JACOBSON, P. J., and EUBANK, J., concur.