526 P.2d 776

Floyd PIERPONT and Lola Pierpont, his wife, Appellants,

v.

The HYDRO MANUFACTURING COMPANY, INC., an Arizona corporation, Appellee.

No. I CA–CIV 2282.

Court of Appeals of Arizona, Division 1.

Sept. 26, 1974.

Rehearing Denied Nov. 1, 1974.

Robert C. Moore, Phoenix, for appellants.

Neville & Lalliss by Keith R. Lalliss, Phoenix, for appellee.

OPINION

HOWARD, Judge.

The question presented in this appeal is whether the trial court erred in allowing appellee (plaintiff below) to recover on a promissory note executed by appellants (defendants below). Appellants assert a two-pronged attack on the judgment: (1) Application of the doctrine of res judicata barred the suit and (2) appellee, not being

the named payee in the note, could not maintain the suit. We need not consider the latter ground[1] since we are of the opinion that appellants' res judicata argument is correct.

The pertinent facts are as follows. In April, 1968 appellants purchased a used cotton picker from appellee and executed a note dated April 8, 1968 for the purchase price.[2] This note was payable to the order of appellee with payment due December 31, 1968. Prior to the due date, appellee requested appellants to execute another note for the same obligation and in the same amount. On December 1, 1968, a second note was executed by appellants on a form supplied by Pioneer Bank in the same amount, payable on or before December 15, 1969, with the Pioneer Bank as the named payee.

Shortly after execution of the latter note, appellants decided that the cotton picker was not good and returned it to appellee. On May 20, 1969, appellee filed suit against appellants on the April 8, 1968 note. (Maricopa County Cause No. C–223338.) Appellants' responsive pleading admitted the execution of the note. It further alleged that appellants had gone to appellee's place of business where a cotton picker appeared to be in the process of being repaired and rebuilt and appellee assured them and warranted that the machine was being completely repaired and rebuilt and would be capable of doing all the picking required by appellants, whereupon appellants gave appellee the April 1, 1968 note for the purchase of the machine. It was also alleged that when the machine was subsequently delivered, it was not in a useable condition and attempts to use it proved fruitless. Also, that appellants finally returned the machine to appellee who

then retained it. Appellants additionally asserted a counterclaim for damages including, inter alia, loss of profits.

The pretrial statement indicated that appellants' defense was failure of consideration. The jury was instructed as to express and implied warranty and also that if it found appellee was guilty of a breach of warranty, appellants would be justified in rejecting the cotton picker and appellee would not be entitled to recover the price of the cotton picker. The jury returned a verdict in favor of appellants on appellee's complaint and a verdict of $1,800 in favor of appellants on their counterclaim. Judgment was entered in accordance with the verdict and no appeal therefrom was taken by appellee herein.

On January 14, 1972, appellee instituted this lawsuit based on the December 1, 1968 promissory note. Appellee's amended complaint alleged the execution of the April 8, 1968 promissory note, that appellants on December 1, 1968 "renewed said note for an identical amount" and delivered the note to appellee's president "as evidence of their intention to pay the same." Appellants pleaded the judgment in cause No. C–223338 as barring appellee's claim. The pretrial statement included as issues:

"Whether the issues of this cause of res judicata by reason of the judgment in Cause No. C223338 in this Court.

Whether Exhibit No. 1 [December 1, 1968 promissory note] is an evidence of the identical obligation involved in said Cause No. C223338."

The case was tried to the court sitting without a jury and at the conclusion thereof judgment in the amount of the balance due on the promissory note less $1,300 as the reasonable value of the machinery returned to appellee, plus costs and $300 for

---

1. The note involved in this litigation names the Pioneer Bank as payee. However, application of the "fictitious payee" rule, for which there is evidentiary support in the record would have justified the lower court in treating the note as a bearer instrument. 11 Am.Jur.2d Bills & Notes § 130 (1963); 10 C.J.S. Bills & Notes § 129b (1938).

2. The sum of $250, the price of another item purchased by appellants, was also included in the note. This sum, however, had been paid by appellants and is not involved in the litigation.

attorney's fees, was entered in favor of appellee.

Pursuant to request, the trial court took judicial notice of the record in cause No. C–223338. Judicial notice of the record in another action tried in the same court may properly be taken in a subsequent action. Bisco v. Universal Refuse Removal Co., 11 Ariz.App. 73, 462 P.2d 90 (1969).

For a prior suit to be res judicata, the same issues must be decided therein which are raised in the second cause. Only those matters are adjudicated in a former judgment which appear on its face to have been adjudicated or which were actually and necessarily included therein or necessary thereto. Rights, claims or demands, even though they grow out of the same subject matter, which constitute separate or distinct causes of action not appearing in the former litigation, are not barred in the later action because of res judicata. Rousselle v. Jewett, 101 Ariz. 510, 421 P.2d 529 (1966). As stated in *Rousselle:*

"The relevant test is not whether there has been a prior lawsuit, but whether the same cause of action, or one so closely related that its proof depends on the same facts, has once been litigated." 101 Ariz. at 513, 421 P.2d at 532.

The true test of the identity of causes of action, as that term is used in connection with the plea of res judicata, is the identity of the facts essential to their maintenance and such identity may appear from evidence in the two cases as well as from the pleadings. Rosenbaum v. Rosenbaum, 86 Nev. 550, 471 P.2d 254 (1970). The trial court took judicial notice of the record in the prior litigation between these parties, and said record, including the jury instructions, has been made part of the record on appeal. Although the two lawsuits commenced by appellee against appellants were based on different promissory notes, such factor is not controlling. A note is not the debt in itself but is merely evidence of indebtedness from the maker to the payee. Ellery v. State, 42 Ariz. 79, 22 P.2d 838 (1933); Smith v. Mills, 207 Or. 546, 296 P.2d 481, rehearing denied 207 Or. 546, 298 P.2d 185 (1956); Gregory v. Williams, 106 Kan. 819, 189 P. 932 (1920); Oak Appliance Co. v. Clayton, 1 So.2d 157 (La.App.1941).

When appellants executed the December 1, 1968 note, it was merely a renewal of their obligation to pay for the cotton picker. The record of the proceedings in cause No. C–223338 reflects a jury verdict in appellants' favor exonerating them from the indebtedness. The judgment entered thereon, not having been appealed, is conclusive as to appellee. Casa Grande Trust Co. v. Superior Court, 8 Ariz.App. 163, 444 P.2d 521 (1968). Appellants, who asserted res judicata as a defense in.this litigation, had the burden of showing that the determinative issues, i. e. their obligation to pay for the cotton picker, had been litigated in their former lawsuit. Cf. Cimino v. Alway, 18 Ariz.App. 271, 501 P.2d 447 (1972). The record in the prior litigation coupled with the evidence presented in the instant lawsuit reflects that both parties had their "day in court" as to appellants' obligation to pay for the cotton picker. The issue having been previously resolved in their favor, appellee was precluded from suing them again on the second promissory note.

Judgment reversed and the cause remanded with directions to enter judgment in favor of appellants.

HATHAWAY, C. J., and KRUCKER, J., concur.

NOTE: This cause was decided by the Judges of Division Two as authorized by A.R.S. § 12–120(E).