FILED

NOT FOR PUBLICATION

NOV 14 2013

UNITED STATES COURT OF APPEALS

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS



FOR THE NINTH CIRCUIT

TERRY YAHWEH,

Plaintiff - Appellant,

v.

CITY OF PHOENIX, a political
subdivision of the State of Arizona,

Defendant - Appellee.

No. 11-17917

D.C. No. 2:11-cv-00410-ROS

MEMORANDUM*

Appeal from the United States District Court
for the District of Arizona
Roslyn O. Silver, Senior District Judge, Presiding

Submitted November 5, 2013 **
San Francisco, California

Before: THOMAS and RAWLINSON, Circuit Judges, and DUFFY, District
Judge.***

Terry Yahweh appeals from the district court's dismissal on the basis of res

---

\*      This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

\*\*      The panel unanimously concludes this case is suitable for decision without
oral argument. *See* Fed. R. App. P. 34(a)(2).

\*\*\*      The Honorable Kevin Thomas Duffy, United States District Judge for the
Southern District of New York, sitting by designation.

judicata his Title VII lawsuit alleging race discrimination and retaliation against the City of Phoenix. We review *de novo* a dismissal based on res judicata. *Mpoyo v. Litton Electro-Optical Sys.*, 430 F.3d 985, 987 (9th Cir. 2005). Because the district court properly dismissed Yahweh's Title VII lawsuit on the basis that it was precluded by Yahweh's state lawsuit brought under the Arizona Civil Rights Act ("ACRA"), we affirm.

The three elements required for res judicata to apply to Yahweh's Title VII lawsuit are satisfied here: (1) the two suits involve the same parties; (2) the first suit resulted in a final judgment on the merits; and (3) the suits involve the same claim. *See Dressler v. Morrison*, 130 P.3d 978, 981 (Ariz. 2006) (en banc).

First, there is no dispute that Yahweh's ACRA and Title VII suits involve the same parties.

Second, the state court's dismissal of Yahweh's ACRA lawsuit for failure to give proper notice to the City is considered a final judgment on the merits under Arizona law. *See, e.g.*, *4501 Northpoint LP v. Maricopa Cnty.*, 128 P.3d 215, 218–19 (Ariz. 2006) (en banc) (reading "adjudication on the merits" broadly to include any final resolution that is binding on the parties, including procedural resolutions); *Phillips v. Ariz. Bd. of Regents*, 601 P.2d 596, 598 (Ariz. 1979) (en banc) (dismissal for failure to meet procedural prerequisite was "on the merits").

2

Third, Yahweh's ACRA and Title VII suits involve the same claim under Arizona law. Arizona courts rely on the "same evidence" test to assess whether lawsuits involve the same claim. *Rousselle v. Jewett*, 421 P.2d 529, 532 (Ariz. 1966) (in banc); *Pettit v. Pettit*, 189 P.3d 1102, 1105 (Ariz. Ct. App. 2008). "If no additional evidence is needed to prevail in the second action than that needed in the first, then the second action is barred." *Phx. Newspapers, Inc. v. Dep't of Corr.*, 934 P.2d 801, 804 (Ariz. Ct. App. 1997) (citing *Rousselle*, 421 P.2d 529). An ACRA plaintiff may be required to rebut the affirmative defense that the defendant would have made the same employment decision even if the plaintiff's race had not been taken into account, *see Timmons v. City of Tucson*, 830 P.2d 871, 877 (Ariz. Ct. App. 1991), while a Title VII plaintiff alleging race discrimination needs only to demonstrate that race was a motivating factor in discriminatory employment action, 42 U.S.C. § 2000e–2(m); *see Univ. of Tex. Sw. Med. Ctr. v. Nassar*, 133 S.Ct. 2517, 2526 (2013). Here, since Yahweh's Title VII claim was filed subsequent to Yahweh's ACRA claim, "no additional evidence is needed to prevail in the second action than that needed in the first." *Phx. Newspapers, Inc.*, 934 P.2d at 804.

Res judicata thus applies to Yahweh's Title VII lawsuit.

**AFFIRMED.**