## No. 10,067.

### DOWNER v. BERMINGHAM.

Decided April 3, 1922.

Action in replevin. Judgment for plaintiff.

*Affirmed.*

1. CHATTEL MORTGAGE—*Misspelled Name—Notice.* Record of a mortgage given by Bermingham is constructive notice of one given by Birmingham. Validity of records and their effect as to giving constructive notice does not depend on accurate spelling, where the inaccuracy is not clearly misleading.

2. IDEM SONANS—*Records.* The doctrine of *idem sonans* applies to records,

*Error to the District Court of the City and County of
Denver, Hon. Julian H. Moore, Judge.*

Mr. CHARLES E. FRIEND, for plaintiff in error.

Mr. H. E. LUTHE, for defendant in error.

*En banc.*

MR. JUSTICE ALLEN delivered the opinion of the court.

THIS is an action in replevin. The plaintiff sues as mort-
gagee under a chattel mortgage of the property sought to
be replevied, and relies on the mortgage. The defendant
is the ex-officio Sheriff of the City and County of Denver,
but the action is defended for a judgment creditor at whose
instance the defendant levied execution against the prop-
erty. There was a verdict and judgment for plaintiff, and
defendant brings the cause here for review.

The plaintiff's chattel mortgage was recorded prior to the
inception of the lien of the judgment creditor. The mort-
gage, and the record thereof, gives the name of the mort-
gagor as "Thomas F. Bermingham." Defendant contends,
in effect, that the mortgage is invalid and its record is not
constructive notice, as to him, because the real name of
the mortgagor, being the same person as the judgment
debtor, is "Thomas F. Birmingham." Defendant admits
having knowledge of the record of the chattel mortgage in
question after making an examination of the records of
the county clerk and recorder, and there is no claim of
having been misled by reason of the substitution of an
"e" for an "i" in the mortgagor's name. There is a con-
flict in the evidence as to whether the second letter in the
mortgagor's name is an "e" or an "i" but this is not a
material issue. Bermingham and Birmingham, from all
that appears in the record, are one and the same name, but
if different names, then they must be regarded one and
the same under the rule of *idem sonans.*

A record of a mortgage given by Thomas F. Bermingham
is constructive notice of one given by Thomas F. Birming-

ham.   A party does not have his record rendered a nullity simply because he, or another party to the instrument or proceeding, has misspelled a surname in some manner not clearly misleading.   The validity of records and their effect as to giving constructive notice does not depend on accurate spelling.   In *Jenny v. Zehnder,* 101 Pa. 296, the substitution of "t" for "d" in Zehnder's surname was not considered to be a fatal error.   The doctrine of *idem sonans* applies to records.   *Bloomer v. Cristler,* 22 Colo. App. 238, 123 Pac. 966.   This being true, the chattel mortgage in question was valid and its record was constructive notice as to the judgment creditor.

The defendant, in his answer, also attacked the chattel mortgage as a fraudulent conveyance.   As to this branch of the case, the record discloses no reversible error.

The judgment is affirmed.

MR. CHIEF JUSTICE SCOTT and Mr. JUSTICE BURKE not participating.