No. 19,183.

LEILA H. MCPHERSON, ADMINISTRATRIX, ETC. *v.* WILLIAM S. MCPHERSON, JR., ADMINISTRATOR.

(358 P. [2d] 478)

Decided December 23, 1960.     Rehearing denied January 23, 1961.

Mr. EMORY L. O'CONNELL, Mr. OTTO FRIEDRICHS, for plaintiff in error.

Mr. GEORGE A. EPPERSON, Mr. DONALD F. McCLARY, for defendant in error.

*In Department.*

PER CURIAM.

PLAINTIFF in error was the claimant in the county court of Weld County against the Estate of William S. McPherson, Deceased, No. 8191. The claim was filed by Leila H. McPherson individually and as Administratrix of the Estate of Thomas B. McPherson, Deceased.

A motion to strike upon several grounds was filed as to this claim, but the grounds in which we are interested are laches and the statute of limitations. The motion to strike was treated by the court as a motion to dismiss, and was argued as a defense of laches and the statute of limitations. The motion was sustained, the claim dismissed and final judgment entered against the claimants.

The law applying to claims in probate matters is stated in C.R.S. '53, 152-12-5, as amended by Chapter 290, Laws of 1959, the pertinent part thereof being as follows:

"152-12-5. — *Hearing on claims* — (1) A claim filed as provided for in section 152-12-7 and not withdrawn by the claimant, unless allowed by the personal representative and classified according to the contention of the claimant, shall be deemed denied by the personal representative, and at any time before final settlement of said estate, upon notice to be given by the claimant, or personal representative, shall stand for hearing. Formal pleadings shall not be required. The issues shall be formed as in actions before justices of the peace, but heard and determined as in civil actions in courts of record; provided, however, that upon the request of any party in interest, or on the court's own motion, the court may, in its discretion and by appropriate notice, order, and direction, require or permit the entire proceeding, or any part thereof, except the filing of claims, to be

conducted in accordance with the rules of civil procedure.

"Every demand shall be proved in the same manner and by like evidence as would be required in other cases where one defends as an administrator."

It will be noted that this section of the statute provides that upon request of any party interested, or the court upon its own motion, may in its discretion and by appropriate notice, order and direction, require or permit the entire proceedings, or any part thereof, except the filing of the claims, to be conducted in accordance with the rules of civil procedure.

The order of the trial court granting the motion to strike and dismiss recites that the matter came on for hearing on the 5th day of August, 1959, by a previous agreed setting. Thus it would appear that the parties agreed to the procedure, that is to say, that the hearing would be conducted in accordance with the rules of civil procedure.

This being the case, the rule applies that laches and the statute of limitations cannot be raised by motion to dismiss or strike. *Davis v. Bonebrake,* 135 Colo. 506, 313 P. (2d) 982. The statute of limitations is not grounds for a motion to dismiss for failure to state a claim upon which relief can be granted under Rule 12B of the Rules of Civil Procedure. Furthermore, Rule 8C states that the statute of limitations and laches must be affirmatively pleaded in an answer. This has also been supported by our ruling in *O'Byrne v. Scofield,* 120 Colo. 572, 212 P. (2d) 867.

In any event it would appear that the intent of the law with respect to the filing and hearing of claims against an estate is expressed in the statute heretofore referred to, and contemplates that the claim should be heard upon its merits.

In this case the court took no testimony and the plaintiff in error had no opportunity to show that laches or the statute of limitations might or might not have been tolled.

We conclude that the action of the trial court in dismissing the claims on motions here was erroneous. The judgment is reversed and the cause remanded for trial on the merits.

MR. CHIEF JUSTICE SUTTON, MR. JUSTICE MOORE and MR. JUSTICE HALL concur.