479 P.2d 404 (1970)
The BOARD OF COUNTY COMMISSIONERS OF the COUNTY OF PITKIN, State of Colorado, Plaintiff in Error,
v.
James C. BLANNING, Jr., Defendant in Error.
No. 70-103.
Colorado Court of Appeals, Div. I.
December 1, 1970.
Rehearing Denied December 22, 1970.
*405 Delaney & Balcomb, Edward Mulhall, Jr., Glenwood Springs, for plaintiff in error.
Parkison, Stewart & Stoddard, Glenwood Springs, for defendant in error.
Selected for Official Publication.
COYTE, Judge.
The parties appear in the reverse order from their appearance at trial, but shall be referred to as they appeared at trial or by name.
Involved in this appeal is the question of title to a certain parcel of land located in Pitkin County, Colorado. At trial plaintiff was successful in an action brought under R.C.P.Colo. 105 to quiet title to the property, and defendant now brings appeal.
One William Hoag was the original grantee of the property involved. He procured a receiver's receipt in 1885 and a patent in 1911. By mesne conveyance in 1886, one Jerome B. Wheeler took title to the property. He conveyed by quit claim deed to George E. Ross Lewin, Trustee, in 1894. In the residuary clause to his will dated January 1905, signed as "George Edward Ross-Lewin," he left all property, both real and personal, to Elizabeth Ross-Lewin, his daughter. In 1964 Elizabeth Ross-Lewin Brackenbury died, leaving the remainder of her property, not otherwise disposed of, to the Northern Trust Company of Chicago. By quit claim deed in 1966, the Northern Trust Company conveyed the property in question to plaintiff, who also procured quit claim deeds to the property from the three grandchildren of Jerome B. Wheeler. Based upon these facts, the trial court concluded that plaintiff had established a chain of title to the property culminating in himself.
Defendant contended, however, that it had superior title to the property by reason of a Treasurer's Deed issued in 1956 as result of a tax sale. The trial court found this Treasurer's Deed fatally defective for failure to comply with certain statutory requirements. This finding is not in itself attacked, but it is urged that passage of time has cured the deed.

I.
Defendant's first contention is that the trial judge, who was county attorney from 1946 until 1951, was disqualified from serving as judge in this proceeding under R.C.P.Colo. 97, which provides for the disqualification of a judge who has been counsel for either of the parties involved.
During the period of time in which the trial judge was the county attorney, no action of any nature was taken relative to the property in question. The tax sale from which the county's title is derived did not occur until 1953, or two years after the judge had left the office of county attorney.
The intent of the rule under which a judge should disqualify himself from a case if he has served as counsel for either of the parties is to insure a fair and impartial hearing of the issue involved. Lawson *406 v. People, 63 Colo. 270, 165 P. 771. In the absence of a valid reason for disqualification relating to the subject matter of the litigation, the trial judge has the duty of presiding over the case. Kubat v. Kubat, 124 Colo. 491, 238 P.2d 897.
In the instant case the subject matter of the litigation concerned title to certain property located in Pitkin County, Colorado. No showing has been made that in his duty as county attorney seventeen years prior to the institution of this action, the trial judge was in any manner concerned with the question of title to this property, or that the defendant's right to a fair and impartial hearing was in any manner affected by the refusal of the trial judge to disqualify himself.
The trial judge was correct in refusing to disqualify himself.

II.
Defendant's next allegation of error deals with the refusal of the trial judge to grant defendant's motion to dismiss plaintiff's complaint at the conclusion of plaintiff's case in chief. Defendant asserts that plaintiff failed to establish a prima facie showing of rightful ownership of the property at the close of his presentation of evidence. We find this argument devoid of merit.
Under R.C.P.Colo. 105, plaintiff does not have to prove possession of the property involved in order to prevail. Siler v. Investment Securities Co., 125 Colo. 438, 244 P.2d 877. Of course, in a case where defendant is in possession, plaintiff must rely on the strength of his own title, not upon the weakness of defendant's title in order to recover. Fastenau v. Engel, 129 Colo. 440, 270 P.2d 1019.
Plaintiff's burden of proof, therefore, was to establish title to the property in question by the presentation of competent evidence. The evidence presented by plaintiff was primarily in the form of a stipulated set of facts establishing the chain of title as related above. Under these circumstances, the trial court correctly concluded that plaintiff had established a prima facie case establishing its right to ownership of the property in question. Plaintiff was entitled to relief under R.C.P. Colo. 105, unless defendant could come forward with evidence to rebut plaintiff's title to the property, which it was unable to do and is therefore not entitled to reversal of the case on this point.

III.
Defendant next urges that 1965 Perm.Supp., C.R.S.1963, 137-12-1, bars recovery by plaintiff in this action. In general, this particular statute bars an action for the recovery of land sold for taxes unless such action is filed within five years from the delivery of the Treasurer's Deed. This alleged error was not raised in the trial court. It is first urged in this court on appeal. Failure to present this issue of alleged error to the trial court by motion for new trial prevents this court from entertaining the issue on appeal. R.C.P.Colo. 59(f).

IV.
Defendant next contends that C.R.S.1963, 118-7-11, should now bar this action. In general this statute provides that no action shall be maintained against any person in possession of real property under a Treasurer's Deed unless such action shall be instituted within seven years from the recording of such an instrument. C.R.S. 1963, 118-7-12, provides for a two-year extension in the case of certain legal liabilities. Defendant argues that in either event, twelve years having elapsed between the recording of this defective Treasurer's Deed and the filing of this suit, the deed should be invulnerable to attack. We disagree.
Although the statute is a powerful defense to a holder of real property under a defective Treasurer's Deed against the onslaught of former title holders, there are certain requirements which must be met in order to use this statute as a shield. In *407 Federal Farm Mortgage Corp. v. Schmidt, 109 Colo. 467, 126 P.2d 1036, the Supreme Court interpreted C.S.A.1935, 40-146, now C.R.S.1963, 118-7-11. In its opinion, the court held that a person claiming the protection of the statute must establish that the defective deed under which title is claimed has been on record for the statutory time and that although the person claiming under the tax deed need not have been in possession for the full statutory period, he must prove that he is in actual possession of the real estate at the time of trial.
Although no dispute exists as to the fact that the Treasurer's Deed has been of record for the statutory period of time, the court in its findings correctly stated:
"Defendant has never been in possession of, nor ever exercised any dominion or control over the land which is the subject of this action, or any part thereof."
In order to avail itself of the protection offered by C.R.S.1963, 118-7-11, defendant must not only prove that the instrument has been recorded for the statutory period of time, but also that it is in actual possession of the property in question. Failure to do so prevents defendant from raising this statute as a bar to plaintiff's action.

V.
Defendant's next assignment of error deals with the trial court's finding that plaintiff established legal title in himself to the property in question.
Defendant points out that by quit claim deed in 1894, "George E. Ross Lewin, Trustee," took title to the property in question. By his last will and testament, "George Edward Ross-Lewin," left all of his property, not specifically granted, to his daughter Elizabeth.
Defendant implies that by reason of the hyphen, a grave doubt exists as to whether or not the Ross Lewin in the deed and the Ross-Lewin in the will are one and the same person. The inclusion or lack of hyphen in the name is but a misspelling of the name, which does not affect the general pronunciation of the name in any manner. Under the doctrine of idem sonans a document is not rendered invalid merely because a name is misspelled, provided the sound or pronunciation of the real and misspelled name is the same. Downer v. Bermingham, 71 Colo. 245, 205 P. 948. In the present case, the hyphen in the last name has no effect upon the pronunciation or sound of the name, and therefore the grantee of the deed and the testator of the will are presumed to be one and the same person.
A far more serious argument concerns the 1894 deed by which Ross Lewin took title to the property. Defendant argues that as Ross Lewin was designated as "trustee" in this deed, then this is indicative of a general power of appointment, which power was not exercised by the general residuary clause of the will. For this reason, defendant argues that the property was never conveyed to Ross Lewin's daughter, Elizabeth, and therefore the plaintiff has no title to the property.
The curative effect of C.R.S.1963, 118-1-8, provides a solution to this problem. By this statute an instrument designating a grantee as trustee shall not be considered evidence of any representative capacity of the grantee, or existence of any beneficiary, unless the beneficiary is specifically named in the instrument. By reason of this statute, the failure to include the name of the beneficiary in the 1894 deed would mean that Ross Lewin took both legal and equitable title to the property, which could be passed by a residuary clause of a will to his daughter.
Defendant recognizes this solution, but argues that since the deed was made before the passage of this statute, the curative effect of C.R.S.1963, 118-1-8, is inapplicable. This argument overlooks the existence of C.R.S.1963, 118-1-9. By this latter statute, all instruments of conveyance executed prior to the passage of either C.R.S.1963, 118-1-8, or 118-1-9, which designate a grantee as trustee without *408 specifically naming a beneficiary, shall only be effective as an instrument of trust for a period of five years, unless an affidavit naming the beneficiary is filed within the five-year period. If no such affidavit is filed, then such instrument will not be considered evidence of the trust after the end of this period.
In the present case, no affidavit having been filed within the five-year statutory period and no beneficiary having been named in the instrument itself, the deed is considered to have vested all title and interest in the property in Ross Lewin, which passed by will to his daughter Elizabeth.

VI.
The sixth and final assignment of error deals with the trial court's refusal to bar this action on the grounds of laches or abandonment.
In order to constitute abandonment, there must be both an act coupled with intention to abandon, which must be firmly established by a clear, unequivocal and decisive evidence. Hoff v. Girdler Corp., 104 Colo. 56, 88 P.2d 100. Mere failure to pay taxes on property does not constitute abandonment. Fastenau v. Engel, 125 Colo. 119, 240 P.2d 1173. In the instant case we do not find such clear and unequivocal evidence of such non-use of the property, consistent with its character, which would constitute both an act and an intention to abandon it.
The last question to be answered is whether or not laches should be applied. We do not find laches appropriate in the instant case. Plaintiff established legal title in himself to the property in question, which title he sought to protect by an action under R.C.P.Colo. 105, begun in 1968. Defendant asserted title through a defective 1956 Treasurer's Deed, but it did not contend nor prove possession of the property during the intervening twelve years, nor did it in any manner make any use of the property during this interval of time.
Laches as a defense to the assertion of a claimed right, implies an unconscionable delay, under the circumstances, in enforcing this right, which delay usually involves a prejudicial effect on the person asserting the defense. Western Motor Rebuilders, Inc. v. Carlson, 138 Colo. 404, 335 P.2d 272. The defense of laches generally requires a change of position relative to the subject matter of the litigation, so as to render it inequitable for the party asserting his rights to succeed. Norman v. Boyer, 111 Colo. 531, 143 P.2d 1017. A delay in the bringing of an action which does not work to defendant's detriment, should not bar plaintiff's action in enforcing his rights.
In the instant case, defendant acquired a defective Treasurer's Deed in 1956 to the property in question, but has never made use of, nor improved the property in any manner during the intervening period of time. Since defendant has not improved the property, nor expended any sums of money on it, delay, if any, has not worked to defendant's detriment in any manner, and hence it is not in a position to complain of delay in the bringing of this action. Parks v. Roth, 25 Colo.App. 296, 137 P. 76.
Judgment affirmed.
SILVERSTEIN, C.J., and DUFFORD, J., concur.