LIN RON, INC., Plaintiff-Appellant,

v.

MANN'S WORLD OF ARTS AND CRAFTS, INC., a Colorado corporation, William K. Mann and Marilyn Mann, Defendants-Appellees.

No. 80CA0622.

Colorado Court of Appeals, Div. III.

Feb. 19, 1981.

Spurgeon, Haney & Howbert, P. C., Roger D. Hunt, Colorado Springs, for plaintiff-appellant.

No appearance for defendant-appellees.

TURSI, Judge.

Plaintiff, Lin-Ron, Inc., appeals from a judgment of the trial court granting defendants' motion to dismiss. We reverse.

Plaintiff filed this action against William K. and Marilyn Mann, as individuals, after it was unable to collect a judgment previously obtained against the corporate defendant, Mann's World of Arts and Crafts, Inc. Plaintiff alleged that the corporation was the alter ego of the individual defendants, and that they were, therefore, personally liable to the plaintiff.

Defendants filed a "Motion to Dismiss" asserting that plaintiff was barred by laches because more than two years had passed since the filing of the original action, and that, pursuant to C.R.C.P. 19, plaintiff should have joined defendants as indispensable parties in the original action. A third basis for dismissal—that the filing of the instant action was premature because the issue of the corporate defendant's liability was still on appeal—is moot by virtue of our affirmance of that judgment in pertinent part. *See Lin-Ron, Inc. v. Mann's World of Arts & Crafts, Inc.,* (Colo.App.No. 79CA0632, December 4, 1980) (not selected for official publication).

Relying on *McPherson v. McPherson,* 145 Colo. 170, 358 P.2d 478 (1960), plaintiff contends that laches is an affirmative defense which may not be raised by a motion to dismiss under C.R.C.P. 12. This contention lacks merit.

Although denominated a "Motion to Dismiss," defendants' motion is, in effect, a motion for judgment on the pleadings. *See* C.R.C.P. 12(c). In granting defendants' motion, the trial court relied on documents in the court's file relating to the prior action and to a foreclosure action in which plaintiff, the corporate defendant, and defendant William Mann were named defendants. By considering matters outside the pleadings, the trial court's disposition of the matter became a summary judgment. *See* C.R. C.P. 12(c). Laches is an affirmative defense under C.R.C.P. 8(c). Affirmative defenses may be considered on a motion for summary judgment. Hence, there was no procedural error. *Ruth v. Department of*

*Highways*, 153 Colo. 226, 385 P.2d 410 (1963); *Saunders v. Bankston*, 31 Colo.App. 551, 506 P.2d 1253 (1973).

Although we find no error in the trial court's consideration of laches, we conclude it committed error in ruling, based on the documents before the court, that laches barred the action as a matter of law. The trial court held that plaintiff knew that it was "dealing with what appeared to be a defunct corporation" and that it could have litigated the Manns' personal liability either by joining them in its prior action against the corporation or by cross-claiming against them in the foreclosure proceeding. It concluded that, on equitable grounds, the individual defendants should "not be subjected to further litigation and the attendant expenses."

■ Laches is a form of estoppel and contemplates an unconscionable delay in asserting one's rights which works to the defendant's prejudice or injury in relation to the subject matter of the litigation. *Board of County Commissioners v. Blanning*, 29 Colo.App. 61, 479 P.2d 404 (1970). The prejudice may be couched in terms of a detrimental change of position on the part of the defendant, *Board of County Commissioners v. Blanning, supra*, or it may be occasioned by loss of evidence, death of witnesses, or other circumstances arising during the period of delay which affect the defendant's ability to defend. *See, e. g., Monroe v. Civil Service Commission of City of Waukegan*, 55 Ill.App.2d 354, 204 N.E.2d 486 (1965); *Gerhard v. Stephens*, 68 Cal.2d 864, 69 Cal. Rptr. 612, 442 P.2d 692 (1968).

■ Here, the court, in effect, found that defendants would be injured by the expense and inconvenience of defending this third action. While failure to litigate the issue of personal liability in either of the earlier actions may have been poor judicial economy, we cannot say that the expense and inconvenience of further litigation, without more, rises to the level of prejudice contemplated by the doctrine of laches. Defendants were not indispensable parties to the first action under C.R.C.P. 19, but rather permissive parties under C.R.C.P. 18. The plaintiff was under no obligation to file a cross-claim against defendants in the foreclosure proceedings. *See* C.R.C.P. 13(g); *T. L. Smith Co. v. District Court*, 163 Colo. 444, 431 P.2d 454 (1967).

The judgment dismissing plaintiff's complaint is reversed, and the cause is remanded with directions to reinstate the complaint without prejudice to defendants to raise the defense of laches in subsequent pleadings.

SMITH and KIRSHBAUM, JJ., concur.