2015 CO 44

**Brandon COATS, Petitioner**

v.

**DISH NETWORK, LLC, Respondent.**

**Supreme Court Case No. 13SC394**

Supreme Court of Colorado.

June 15, 2015

Attorneys for Petitioner: The Evans Firm, LLC, Michael D. Evans, Denver, Colorado, Thomas K. Carberry, Thomas Karel Carberry, Denver, Colorado, Campbell Law, LLC, John E. Campbell, St. Louis, Missouri, Wolf Legal, PC, Adam B. Wolf, San Francisco, California

Attorneys for Respondent: Martinez Law Group, P.C., Meghan W. Martinez, Ann Christoff Purvis, Elizabeth Imhoff Mabey, Denver, Colorado

Attorneys for Amicus Curiae State of Colorado: Colorado Department of Law, Cynthia H. Coffman, Attorney General, David C. Blake, Deputy Attorney General, Michael Francisco, Assistant Solicitor General, Michelle Brissette Miller, Assistant Attorney General, Denver, Colorado

Attorneys for Amicus Curiae Colorado Mining Association: Jackson Kelly PLLC, Laura E. Beverage, Meredith A. Kapushion, Denver, Colorado, Ryley Carlock & Applewhite, Michael D. Moberly, Charitie L. Hartsig, Phoenix, Arizona

Attorneys for Amicus Curiae Colorado Civil Justice League: Husch Blackwell LLP, Christopher L. Ottele, Mary H. Stuart, Carrie Claiborne, Denver, Colorado

Attorney for Amicus Curiae Colorado Defense Lawyers Association: Hall & Evans, L.L.C., Andrew D. Ringel, Denver, Colorado

Attorneys for Amicus Curiae Colorado Plaintiff Employment Lawyers Association: Ryan Law Firm, LLC, Kimberlie K. Ryan, Denver, Colorado

Attorney for Amicus Curiae Patient and Caregiver Rights Litigation Project: Springer and Steinberg, P.C., Andrew B. Reid, Denver, Colorado

JUSTICE EID delivered the Opinion of the Court.

¶ 1 This case requires us to determine whether the use of medical marijuana in compliance with Colorado's Medical Marijuana Amendment, Colo. Const. art. XVIII, § 14, but in violation of federal law, is a "lawful activity" under section 24–34–402.5, C.R.S. (2014), Colorado's "lawful activities statute." This statute generally makes it an unfair and discriminatory labor practice to discharge an employee based on the employee's "lawful" outside-of-work activities. § 24–34–402.5(1).

¶ 2 Here, petitioner Brandon Coats claims respondent Dish Network, LLC ("Dish") violated section 24–34–402.5 by discharging him due to his state-licensed use of medical marijuana at home during nonworking hours. He argues that the Medical Marijuana Amendment makes such use "lawful" for purposes of section 24–34–402.5, notwithstanding any federal laws prohibiting medical marijuana use. The trial court dismissed Coats's complaint for failure to state a claim after finding that medical marijuana use is not "lawful" under Colorado state law. Coats appealed, and the court of appeals affirmed.

¶ 3 In a split decision, the majority of the court of appeals held that Coats did not state a claim for relief because medical marijuana use, which is prohibited by federal law, is not a "lawful activity" for purposes of section 24–34–402.5. *Coats v. Dish Network, LLC,* 2013 COA 62, ¶ 23, 303 P.3d 147, 152. In dissent, Judge Webb would have held that section 24–34–402.5 does protect Coats's medical marijuana use, because the term "lawful" as used in the statute refers only to Colorado state law, under which medical marijuana use is "at least lawful." *Id.* at ¶ 56, 303 P.3d at 157 (Webb, J., dissenting).

¶ 4 We granted certiorari and now affirm. The term "lawful" as it is used in section 24–34–402.5 is not restricted in any way, and we decline to engraft a state law limitation onto the term. Therefore, an activity such as medical marijuana use that is unlawful under federal law is not a "lawful" activity under section 24–34–402.5. Accordingly, we affirm the opinion of the court of appeals.

I.

¶ 5 We take the following from the complaint. Brandon Coats is a quadriplegic and has been confined to a wheelchair since he was a teenager. In 2009, he registered for and obtained a state-issued license to use medical marijuana to treat painful muscle spasms caused by his quadriplegia. Coats consumes medical marijuana at home, after work, and in accordance with his license and Colorado state law.

¶ 6 Between 2007 and 2010, Coats worked for respondent Dish as a telephone customer service representative. In May 2010, Coats tested positive for tetrahydrocannabinol ("THC"), a component of medical marijuana, during a random drug test. Coats informed Dish that he was a registered medical marijuana patient and planned to continue using

medical marijuana. On June 7, 2010, Dish fired Coats for violating the company's drug policy.

¶ 7 Coats then filed a wrongful termination claim against Dish under section 24–34–402.5, which generally prohibits employers from discharging an employee based on his engagement in "lawful activities" off the premises of the employer during nonworking hours. § 24–34–402.5(1). Coats contended that Dish violated the statute by terminating him based on his outside-of-work medical marijuana use, which he argued was "lawful" under the Medical Marijuana Amendment and its implementing legislation.

¶ 8 Dish filed a motion to dismiss, arguing that Coats's medical marijuana use was not "lawful" for purposes of the statute under either federal or state law.

¶ 9 The trial court dismissed Coats's claim. It rejected Coats's argument that the Medical Marijuana Amendment made his use a "lawful activity" for purposes of section 24–34–402.5. Instead the court found that the Amendment provided registered patients an affirmative defense to state criminal prosecution without making their use of medical marijuana a "lawful activity" within the meaning of section 24–34–402.5. As such, the trial court concluded that the statute afforded no protection to Coats and dismissed the claim without examining the federal law issue.

¶ 10 On appeal, Coats again argued that Dish wrongfully terminated him under section 24–34–402.5 because his use of medical marijuana was "lawful" under state law. Dish likewise reiterated that it did not violate section 24–34–402.5 because medical marijuana use remains prohibited under federal law.

¶ 11 In a split decision, the court of appeals affirmed based on the prohibition of marijuana use under the federal Controlled Substances Act, 21 U.S.C. § 844(a) (2012) (the "CSA"). Looking to the plain language of section 24–34–402.5, the majority found that the term "lawful" means "that which is 'permitted by law.'" Coats, ¶ 13, 303 P.3d at 150. Applying that plain meaning, the majority reasoned that to be "lawful" for purposes of section 24–34–402.5, activities that are governed by both state and federal law must "be permitted by, and not contrary to, both state and federal law." Id. at ¶ 14, 303 P.3d at 151. Given that the federal CSA prohibits all marijuana use, the majority concluded that Coats's conduct was not "lawful activity" protected by the statute. The majority therefore affirmed the trial court's decision on different grounds, not reaching the question of whether the state constitutional amendment created a constitutional·right for registered patients to use medical marijuana or an affirmative defense to prosecution for such use. Coats, ¶ 23, 303 P.3d at 152.

¶ 12 In dissent, Judge Webb argued that the term "lawful" must be interpreted according to state, rather than federal, law. He argued that the majority's interpretation failed to effectuate the purpose of the statute by improperly narrowing the scope of the statute's protection. Id. at ¶ 47, 303 P.3d at 156 (Webb, J., dissenting). Finding that the Medical Marijuana Amendment made state-licensed medical marijuana use "at least lawful," Judge Webb concluded that Coats's use should be protected by the statute. Id. at ¶ 56, 303 P.3d at 157 (Webb, J., dissenting).

¶ 13 We granted review of the court of appeals' opinion[1] and now affirm. The term "lawful" as it is used in section 24–34–402.5 is not restricted in any way, and we decline to engraft a state law limitation onto the term. Therefore, an activity such as medical marijuana use that is unlawful under federal law is not a "lawful" activity under section 24–34–402.5. Accordingly, we affirm the opinion of the court of appeals.

1. We granted certiorari to review the following issues:
   1. Whether the Lawful Activities Statute, section 24–34–402.5, protects employees from discretionary discharge for lawful use of medical marijuana outside the job where the use does not affect job performance.

2. Whether the Medical Marijuana Amendment makes the use of medical marijuana "lawful" and confers a right to use medical marijuana to persons lawfully registered with the state.

## II.

¶ 14 We review de novo the question of whether medical marijuana use prohibited by federal law is a "lawful activity" protected under section 24–34–402.5. *DuBois v. People,* 211 P.3d 41, 43 (Colo.2009).

¶ 15 The "lawful activities statute" provides that "[i]t shall be a discriminatory or unfair employment practice for an employer to terminate the employment of any employee due to that employee's engaging in any *lawful activity* off the premises of the employer during nonworking hours" unless certain exceptions apply. § 24–34–402.5(1) (emphasis added). An employee discharged in violation of this provision may bring a civil action for damages, including lost wages or benefits. § 24–34–402.5(2)(a).

■ ¶ 16 By its terms the statute protects only "lawful" activities. However, the statute does not define the term "lawful." Coats contends that the term should be read as limited to activities lawful under state law. We disagree.

■ ¶ 17 In construing undefined statutory terms, we look to the language of the statute itself "with a view toward giving the statutory language its commonly accepted and understood meaning." *People v. Schuett,* 833 P.2d 44, 47 (Colo.1992). We have construed the term "lawful" once before and found that its "generally understood meaning" is "in accordance with the law or legitimate." *See id.* (citing *Webster's Third New International Dictionary* 1279 (1986)). Similarly, courts in other states have construed "lawful" to mean "authorized by law and not contrary to, nor forbidden by law." *Hougum v. Valley Memorial Homes,* 574 N.W.2d 812, 821 (N.D.1998) (defining "lawful" as used in similar lawful activities provision); *In re Adoption of B.C.H.,* 22 N.E.3d 580, 585 (Ind.2014) ("Upon our review of the plain and ordinary meaning of 'lawful custody,' ... 'lawful' means 'not contrary to law.'"). We therefore agree with the court of appeals that the commonly accepted meaning of the term "lawful" is "that which is 'permitted by law' or, conversely, that which

is "not contrary to, or forbidden by law." *Coats,* ¶ 13, 303 P.3d at 150.

¶ 18 We still must determine, however, whether medical marijuana use that is licensed by the State of Colorado but prohibited under federal law is "lawful" for purposes of section 24–34–402.5. Coats contends that the General Assembly intended the term "lawful" here to mean "lawful under Colorado state law," which, he asserts, recognizes medical marijuana use as "lawful." *Coats,* ¶ 6, 303 P.3d at 149. We do not read the term "lawful" to be so restrictive. Nothing in the language of the statute limits the term "lawful" to state law. Instead, the term is used in its general, unrestricted sense, indicating that a "lawful" activity is that which complies with applicable "law," including state and federal law. We therefore decline Coats's invitation to engraft a state law limitation onto the statutory language. *See State Dep't of Revenue v. Adolph Coors Co.,* 724 P.2d 1341, 1345 (Colo.1986) (declining to read a restriction into unrestricted statutory language); *Turbyne v. People,* 151 P.3d 563, 567 (Colo.2007) (stating that "[w]e do not add words to the statute").

¶ 19 Coats does not dispute that the federal Controlled Substances Act prohibits medical marijuana use. *See* 21 U.S.C. § 844(a). The CSA lists marijuana as a Schedule I substance, meaning federal law designates it as having no medical accepted use, a high risk of abuse, and a lack of accepted safety for use under medical supervision. *Id.* at § 812(b)(1)(A)–(C). This makes the use, possession, or manufacture of marijuana a federal criminal offense, except where used for federally-approved research projects. *Id.* at § 844(a); *see also Gonzales v. Raich,* 545 U.S. 1, 14, 125 S.Ct. 2195, 162 L.Ed.2d 1 (2005). There is no exception for marijuana use for medicinal purposes, or for marijuana use conducted in accordance with state law. 21 U.S.C. § 844(a); *see also Gonzales,* 545 U.S. at 29, 125 S.Ct. 2195 (finding that "[t]he Supremacy Clause unambiguously provides that if there is any conflict between federal and state law, federal law shall prevail," including in the area of marijuana regulation).[2]

---

2. The Department of Justice has announced that    it will not prosecute cancer patients or those

Coats's use of medical marijuana was unlawful under federal law and thus not protected by section 24–34–402.5.

¶ 20 Echoing Judge Webb's dissent, Coats argues that because the General Assembly intended section 24–34–402.5 to broadly protect employees from discharge for outside-of-work activities, we must construe the term "lawful" to mean "lawful under Colorado law." *Coats,* ¶¶ 46–47, 303 P.3d at 156 (Webb, J., dissenting). In this case, however, we find nothing to indicate that the General Assembly intended to extend section 24–34–402.5's protection for "lawful" activities to activities that are unlawful under federal law. In sum, because Coats's marijuana use was unlawful under federal law, it does not fall within section 24–34–402.5's protection for "lawful" activities.

¶ 21 Having decided this case on the basis of the prohibition under federal law, we decline to address the issue of whether Colorado's Medical Marijuana Amendment deems medical marijuana use "lawful" by conferring a right to such use.

## III.

¶ 22 For the reasons stated above, we affirm the decision of the court of appeals.

JUSTICE MÁRQUEZ does not participate.

with debilitating conditions who use medical marijuana in accordance with state law. Similarly, in December 2014, Congress passed the Consolidated and Further Continuing Appropriations Act that prohibited the Department of Justice from using funds made available through the Act to prevent Colorado and states with similar medical marijuana laws from "implementing their own State laws that authorize the use, distribution, possession, or cultivation of medical marijuana." Consolidated and Further Continuing Appropriations Act, 2015, Pub. Law No. 113–235, § 538, 128 Stat. 2130, 2217 (2015). However, marijuana is still a Schedule I substance, and no medical marijuana exception yet exists in the CSA. As such, medical marijuana use remains prohibited under the CSA.