COLORADO COURT OF APPEALS
 
 2016 COA 18
 
 

Court of Appeals No. 14CA2329
City and County of Denver District Court No. 14CV32669 
Honorable Catherine A. Lemon, Judge 

Douglas Williams,
Plaintiff-Appellant,

v.

Rock-Tenn Services, Inc., a Georgia corporation,

Defendant-Appellee.

JUDGMENT AFFIRMED

 

Division I
Opinion by JUDGE DAVIDSON* 
Miller and Fox, JJ., concur

Announced February 11, 2016

 

Berg Hill Greenleaf & Ruscitti LLP, Mary Sue Greenleaf, Josh A. Marks, Boulder, Colorado, for Plaintiff-Appellant

Husch Blackwell LLP, Christopher L. Ottele, Carrie Claiborne, Denver, Colorado, for Defendant-Appellee

*Sitting by assignment of the Chief Justice under provisions of Colo. Const. art. VI, § 5(3), and § 24-51-1105, C.R.S. 2015.

¶1       In this action for relief brought under section 24-34-402.5, C.R.S. 2015, Colorado’s Lawful Off-Duty Activities Statute (LODAS), plaintiff, Douglas Williams, appeals from the dismissal of his complaint for failure to state a claim pursuant to C.R.C.P. 12(b)(5). We affirm.

I. LODAS

¶2       LODAS is an exception to an employer’s general right to 
terminate an at-will employee without legal consequence. Watson v. Pub. Serv. Co. of Colo., 207 P.3d 860, 867 (Colo. App. 2008). It prohibits an employer from terminating an employee “due to that employee’s engaging in any lawful activity off the premises of the employer during nonworking hours.” § 24-34-402.5(1). “[T]he general purpose of section 24-34-402.5 is to keep an employer’s proverbial nose out of an employee’s off-site off-hours business[.]” Coats v. Dish Network, L.L.C., 2013 COA 62, ¶15, 303 P.3d 147, 151, aff’d, 2015 CO 44, 350 P.3d 849. However, an employer may terminate an employee if the activity at issue:

(a) Relates to a bona fide occupational requirement or is reasonably and rationally related to the employment activities and responsibilities of a particular employee or a particular group of employees, rather than to all employees of the employer; or 

(b) Is necessary to avoid a conflict of interest with any responsibilities to the employer or the appearance of such a conflict of interest.

§ 24-34-402.5(1) (emphasis added).

II. Background

¶3        Williams had been employed for thirty-six years by defendant, Rock-Tenn Services, Inc., a corporation based in Georgia, and its predecessor, Smurfit Stone Container Corporation. In the last four years of his employment, he served as the Denver plant manager. According to his complaint, Williams’s LODAS claim arose from “[Rock-Tenn’s] termination of [him] from his job as a Plant Manager at their Denver cardboard manufacturing facility.” The complaint alleged that “[Rock-Tenn] abused its role as an employer in terminating Mr. Williams for taking an approved vacation after telling Mr. Williams that he was cleared to go on vacation and miss a meeting.”

¶4        The complaint further alleged that, by discharging him for 
“engaging in any lawful activity off the premises of the employer during nonworking hours,” § 24-34-402.5(1), Rock-Tenn had violated LODAS. Rock-Tenn filed a motion to dismiss for failure to state a claim pursuant to C.R.C.P. 12(b)(5), which the district court granted.

¶5        In its written order, the court described the complaint as 
alleging that Rock-Tenn terminated Williams “for going forward with a vacation that conflicted with a meeting abruptly scheduled to address a failed internal audit.” The district court reasoned that, under the facts set forth in the complaint, “[Williams] managed one of [Rock-Tenn’s] plants. The plant failed an internal audit. [Williams] was terminated for going on a vacation in lieu of attending that meeting. Such termination is reasonably and rationally related to [Williams’s] employment activities and responsibilities . . . .”

¶6        The court concluded that LODAS does not offer protection to 
an employee under such circumstances.

¶7        On appeal, Williams contends that the dismissal was error. 
He insists that, contrary to the district court’s characterization, his complaint alleged only that Rock-Tenn “pursue[d] termination . . . because he was on an approved vacation,” which he further alleged was a personal, private activity protected by LODAS. He argues that the court wrongly interpreted his allegations to include his failure to attend the July 3 post-audit meeting. By doing so, he argues, the court did not construe the facts in the light most favorable to him, considered facts outside of the complaint, and did not accept his allegations as true. He also suggests that the court’s dismissal under C.R.C.P. 12(b)(5) was procedurally improper because it was based on an affirmative defense.

¶8        Based on slightly different reasoning, we agree with the result 
reached by the district court. See Hiner v. Johnson, 2012 COA 164, ¶2, 310 P.3d 226 (if a district court reaches the correct result, an appellate court may affirm on different grounds).

III.Analysis

¶9        We review de novo a district court judgment granting a 
C.R.C.P. 12(b)(5) motion to dismiss for failure to state a claim upon which relief may be granted. Regents of the Univ. of Colo. v. Students for Concealed Carry on Campus, LLC, 2012 CO 17, ¶11, 271 P.3d 496, 499.

A. Procedural Issues

1. Contrary to Williams’s Contention, the District Court Applied the Correct Standards in its Review of the Complaint

¶10        A C.R.C.P. 12(b)(5) motion to dismiss tests the formal sufficiency of a plaintiff’s complaint. Dorman v. Petrol Aspen, Inc., 914 P.2d 909, 911 (Colo. 1996).

¶11        A motion to dismiss is properly granted only when it appears beyond doubt that no set of facts can prove that the plaintiff is entitled to relief. Id. In reviewing a motion to dismiss, the court must accept all factual allegations as true and view them in the light most favorable to the plaintiff. Denver Post Corp. v. Ritter, 255 P.3d 1083, 1088 (Colo. 2011). The court must rule based on the matters and factual averments stated in the complaint, and with certain exceptions not relevant here, is not permitted to consider any information or facts outside the confines of that pleading. Allen v. Steele, 252 P.3d 476, 481 (Colo. 2011). And, the court must consider the complaint in its entirety. See State v. Nieto, 993 P.2d 493, 508 (Colo. 2000).

¶12        Here, the allegations of the complaint, in pertinent part, state 
as follows (with emphasis added):

 ¶1 — Rock-Tenn “abused its role as an employer in terminating Mr. Williams for taking an approved vacation after telling [him] that he was cleared to go on vacation and miss a meeting.”

 ¶9 — In June 2012, Rock-Tenn audited the Denver plant. The plant audit resulted in a score of 2.95, which was .05 below a passing score.

 ¶9 — “A post-audit closing meeting was schedule[d] for June 27, 2012....Mr. Williams had scheduled a vacation during the week of June 27, 2012, but cancelled and rescheduled it for the week of July 2, 2012 to participate in the June 27, 2012 post-audit meeting.”

 ¶10 — To accommodate upper-level management who could not attend the original meeting, it was rescheduled for July 3, 2012. Williams’s rescheduled vacation coincided with the new meeting date, which, as he explained, he could not attend in person or by phone because he would be in a remote area with no mobile telephone service on July 3.

 ¶10 — Larry Vas, Williams’s direct supervisor, “approved Mr. Williams’s vacation and absence from the July 3, 2012 meeting.”

 ¶11 — “Relying on his supervisor’s approval, Mr. Williams went on vacation and did not participate in the July 3, 2012 post-audit meeting.”

 ¶12        — Dwight Morris, Vas’s supervisor, “became upset at the fact that Mr. Williams was on vacation and did not participate [in the post-audit meeting].” Mr. Morris obtained Rock-Tenn’s approval for Williams’s termination. When Williams returned from his vacation, Vas called him into a meeting and, per Morris’s instructions, terminated Williams for “unsatisfactory work performance.”

¶13        These factual allegations are not from the district court order — they come from Williams. They plainly show that the vacation and the missed meeting were inextricably linked — Williams was unavailable either in person or by phone for the post-audit meeting because he was on vacation. Accordingly, we agree with the district court that the complaint, read under the proper standard of review, alleges that Rock-Tenn, through Morris, improperly terminated Williams’s employment for not participating in a post-audit meeting while on a preapproved vacation.

2. Although Affirmative Defenses Typically are Raised in an Answer, Under the Circumstances Here, the Consideration of an Affirmative Defense in the Context of a C.R.C.P. 12(b)(5) Motion Was Proper

¶14        As set forth above, LODAS, section 24-34-402.5(1)(a), permits an employer to terminate an employee for an otherwise personal, private activity if the termination is “reasonably and rationally related to the employment activities and responsibilities of a particular employee.” While described as a statutory “exception,” Coats, ¶15, 350 P.3d at 852, section 24-34-402.5(1)(a) has been treated procedurally as an affirmative defense. Gwin v. Chesrown Chevrolet, Inc., 931 P.2d 466, 470 (Colo. App. 1996).

¶15        As Williams asserts, generally, a party may not raise an affirmative defense in a motion to dismiss for failure to state a claim. McPherson v. McPherson, 145 Colo. 170, 172, 358 P.2d 478, 479 (1960); see Bristol Bay Prods., LLC v. Lampack, 2013 CO 60, ¶41, 312 P.3d 1155, 1163.

This is so because a plaintiff has no obligation to anticipate an affirmative defense in the complaint and include allegations intended to negate it. Citizens State Bank v. Nat’l Sur. Corp., 199 Colo. 497, 500, 612 P.2d 70, 72 (1980); 4 Sheila K. Hyatt & Stephen A. Hess, Colorado Civil Rules Annotated 145 (2005). If the rule were otherwise, then it would run afoul of the pleading standard embodied by C.R.C.P. 8, which requires that a plaintiff plead only a “short and plain statement of the claim showing that the pleader is entitled to relief.” C.R.C.P. 8(a)(2). It would also place on the plaintiff the burden of pleading facts intended to negate an anticipated affirmative defense as an essential element of the plaintiff’s claim. Bristol Bay, ¶41, 312 P.3d at 1163.

¶16        However, in narrow circumstances, when the “allegations indicate the existence of an affirmative defense that will bar the award of any remedy,” a party may raise an affirmative defense in a motion to dismiss. Id. at ¶¶44-45, 312 P.3d at 1164-65 (quoting 5B Charles Alan Wright & Arthur R. Miller, Federal Practice and Procedure § 1357, at 708 (3d ed. 2004)) (tacitly approving this rule); see also Ruth v. Dep’t of Highways, 153 Colo. 226, 385 P.2d 410 (1963).

¶17        Under this rule, “the applicability of the defense has to be 
clearly indicated and must appear on the face of the pleading to be used as a basis for the motion.” Bristol Bay, ¶45, 312 P.3d at 1164 (quoting 5B Wright & Miller § 1357, at 708-13); cf. Wagner v. Grange Ins. Ass’n, 166 P.3d 304, 307 (Colo. App. 2007) (statute of limitations affirmative defense permissible in motion to dismiss).

¶18        Here, the applicability of the “reasonably and rationally related 
to the employment” defense from section 24-34-402.5(1)(a) was clearly indicated on the face of the pleading. Williams could not have been surprised because he brought his LODAS claim specifically under section 24-34-402.5(1), and the defense in section 24-34-402.5(1)(a) is a part of section 24-34-402.5(1). Unlike common law affirmative defenses, such as contributory negligence, this “affirmative defense” was obvious: it is in the same statute and the same subpart Williams invoked as the basis for his claim for relief.

¶19        Moreover, although in most cases a district court must convert a motion to dismiss which raises an affirmative defense into a motion for summary judgment, see Bristol Bay, ¶42, 312 P.3d at 1164, importantly, the dismissal was based solely on the facts alleged in Williams’s complaint.

¶20        Thus, we conclude that, in this case, because the factual allegations in the complaint established a clearly applicable affirmative defense, that affirmative defense provided a proper basis for dismissal pursuant to C.R.C.P. 12(b)(5).

B. Failure to State a Claim

¶21        The allegations of Williams’s complaint failed to state a claim because even if his vacation was a “lawful activity” under section 24-34-402.5(1), his allegations established as a matter of law that the conduct was “reasonably and rationally related to [his] employment activities and responsibilities,” and was therefore excepted by section 24-34-402.5(1)(a).

¶22        Rock-Tenn asserts, pursuant to the plain language of LODAS, that even if the alleged activity took place off the premises during nonworking hours — e.g., during Williams’s vacation — an employer retains the common law right to discharge an employee for conduct “reasonably and rationally related to the employment activities and responsibilities of a particular employee.” § 24-34­402.5(1)(a). We agree.

¶23        Interpreting the phrase “reasonably and rationally related to the employment activities and responsibilities” presents a question of law we review de novo. Fischbach v. Holzberlein, 215 P.3d 407, 409 (Colo. App. 2009).

¶24        Employment-related activities are “those that ‘have an inherent connection with employment’ and emanate from ‘the duties of the job.’” Popovich v. Irlando, 811 P.2d 379, 383 (Colo. 1991) (quoting In re Question Submitted by the U.S. Court of Appeals, 759 P.2d 17, 23 (Colo. 1988)) (defining employment-related torts under the Workers’ Compensation Act).

¶25        In turn, reasonably and rationally related employment activities are those that necessarily are “not in direct conflict with the essential business-related interests of the employer.” Clausnitzer v. Tesoro Ref. & Mktg. Co., 820 N.W.2d 665, 669 (N.D. 2012) (quoting Hougum v. Valley Mem’l Homes, 574 N.W.2d 812, 821 (N.D. 1998)); see also Wood v. S.D. Cement Plant, 588 N.W.2d 227, 230 (S.D. 1999).

¶26        Such activities and responsibilities must be unique to or within the exclusive province of the particular employee or group of employees. See Marsh v. Delta Air Lines, Inc., 952 F. Supp. 1458, 1463 (D. Colo. 1997) (disagreed with by Ruiz v. Hope for Children, Inc., 2013 COA 91, ¶¶15-16, 352 P.3d 983, 986-87, on other grounds, and Watson, 207 P.3d at 864-65, on other grounds); see also Keynen J. Wall, Jr. & Jacqueline Johnson, Colorado’s Lawful Activities Statute: Balancing Employee Privacy and the Rights of Employers, Colo. Law., Dec. 2006, at 41, 44. This statutory scheme allows “employers to require certain high profile members of their staff from foregoing involvement in activities that would call into question their competence.” Marsh, 952 F. Supp. at 1463.

¶27        Dismissal was proper in this case because, under the alleged facts, it appeared beyond any doubt that no set of facts entitled Williams to relief. See Pub. Serv. Co. of Colo. v. Van Wyk, 27 P.3d 377, 385-86 (Colo. 2001). Williams was the plant manager of Rock-Tenn’s Denver plant. That plant failed an internal audit. A post-audit meeting was scheduled to go over the results with Williams’s superiors. Attending a post-audit meeting was a function of Williams’s position as plant manager. The requirement to attend the meeting was inherently connected with Williams’s position as plant manager and a duty of his job. Williams went on vacation and was unavailable to be there in person or by phone. Morris, Vas’s supervisor, was upset that Williams did not attend the meeting, and he directed Rock-Tenn’s approval of Williams’s termination, which occurred when Williams returned from vacation.

¶28        LODAS is designed to protect employees from termination for private, personal activities, not from adverse employment consequences resulting from going on a vacation that conflicted with a meeting reasonably and rationally related to the party’s employment. That Morris had him fired for missing the post-audit meeting despite Williams having been authorized to do so by Vas may, certainly to Williams, seem unfair, but for purposes of LODAS, it was within the company’s business judgment to do so. See St. Croix v. Univ. of Colo. Health Scis. Ctr., 166 P.3d 230, 238 (Colo. App. 2007) (noting it is not the court’s role in an anti-discrimination case to second guess an employer’s business judgment).

¶29        Because the section 24-34-402.5(1)(a) defense was satisfied, 
Williams was not entitled to relief under any theory of LODAS. Accordingly, the district court properly dismissed Williams’s complaint as a matter of law.

IV. Remaining Issue

¶30        Based on our disposition, we need not address whether “taking an approved vacation,” in and of itself, is a “lawful activity” under LODAS.

V. Attorney Fees

¶31        In its answer brief on appeal, Rock-Tenn requests that we award it attorney fees and costs for defending against the appeal. C.A.R. 39.5 requires that the party claiming attorney fees specifically request them, and state the legal basis therefor, in the party’s principal appellate brief. See also In re Marriage of Wells, 252 P.3d 1212, 1216 (Colo. App. 2011). Because Rock-Tenn states no legal basis for recovery of attorney fees, we deny the request.

VI. Conclusion

¶32        We affirm the district court’s judgment dismissing Williams’s claim for relief.

JUDGE MILLER and JUDGE FOX concur.